**Mike THOMAS, Plaintiff-Appellant,**

v.

**FARMVILLE MANUFACTURING COMPANY, INC., Defendant-Appellee.**

No. 82–8688
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 23, 1983.

Thomas H. Hyman, Cordele, Ga., for plaintiff-appellant.

Ronald C. Henson, Paula A. Hilburn, Atlanta, Ga., for defendant-appellee.

Before TJOFLAT, JOHNSON and HATCHETT, Circuit Judges.

PER CURIAM:

Mike Thomas, appellant, filed this action against Farmville Manufacturing Company, Inc., alleging violations of the Fair Labor Standards Act, in the Superior Court, Crisp County, State of Georgia, on July 12, 1982. The case was removed by Farmville on August 11, 1982, pursuant to 28 U.S.C.A. § 1441. A motion to dismiss was filed at the same time as the removal petition. On August 27, 1982, the district court determined and held "that the Defendant's motion to dismiss the Plaintiff's complaint should be sustained in that it appears that the Plaintiff's complaint does not adequately set forth a cause of action to enable the Plaintiff to recover under the provisions of the Fair Labor Standards Act."

On September 10, 1982, the plaintiff moved to vacate the order of dismissal and also requested leave to amend the complaint; to this motion plaintiff attached a proposed amendment. On October 1, 1982, the district court denied the motions to vacate the order of dismissal and to grant leave to amend the complaint.

The standard of review for a denial of leave to amend, and for denial of a Rule 59(e) motion, is abuse of discretion. *Stutts v. Freeman,* 694 F.2d 666, 669 (11th Cir.1983); *Paschal v. Florida Public Employees Relations Commission,* 666 F.2d 1381, 1384 (11th Cir.), *cert. denied,* 457 U.S. 1109, 102 S.Ct. 2911, 73 L.Ed.2d 1319 (1982). A grant of leave to amend is particularly appropriate following dismissal of a complaint for failure to state a claim, *Griggs v. Hinds Junior College,* 563 F.2d 179, 180 (5th Cir.1977), and, in the absence

of a declared or apparent reason, an outright refusal to grant leave to amend is an abuse of discretion. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). The application of these principles to this case leads to the conclusion that the denial of leave to amend by the district court was an abuse of discretion.

The order dismissing the complaint is VACATED and the case is REMANDED to the district court with directions to allow the filing of an amended complaint.