Henry Ford EVANS, et al.,
Plaintiffs-Appellants,
Cross-Appellees,

v.

Harry BEXLEY, et al.,
Defendants-Appellees,
Cross-Appellants.

No. 83–8831.

United States Court of Appeals,
Eleventh Circuit.

Jan. 21, 1985.

John Walton Henderson, Jr., Atlanta, Ga., for plaintiffs-appellants, cross-appellees.

Randall A. Constantine, Charles E. Elrod, Jr., Atlanta, Ga., for defendants-appellees, cross-appellants.

Before RONEY and ANDERSON, Circuit Judges, and MORGAN, Senior Circuit Judge.

LEWIS R. MORGAN, Senior Circuit Judge:

As disabled retirees of the International Brotherhood of Electrical Workers, Local 613 (IBEW), the plaintiffs receive benefits from the IBEW Local 613 and Contributing Employers Health and Welfare Fund (the H & W Fund). Certain of the defendant trustees of the H & W Fund, contemporaneously with their tenure as trustees of that Fund, have also served as trustees of the IBEW Local 613 and Contributing Employers Pension Fund (the Pension Fund) and as officers of the union or the National Electrical Contractors' Association (NECA), an employer, see 29 U.S.C.A. § 1002(5) (West 1975). In 1975 the trustees of the H & W Fund required all disabled retirees, early retirees and unemployed active members of the union to make monthly self-payment contributions to the H & W Fund. The amount of the required contributions has steadily increased. The plaintiffs allege that the impetus for the imposition of these fees was the agreement of the collective bargaining representatives to decrease the employers' required contributions to the H & W Fund by one percent and to increase by one percent the employers' payments to the Pension Fund. As officers of the union or the NECA, certain of the trustees were involved in the negotiation of the pertinent collective bargaining agreement.

The plaintiffs alleged in the district court various breaches of fiduciary duty by the trustees. The court granted the trustees' motion for summary judgment. The plaintiffs argue on appeal that the trustees violated the Employee Retirement Income Security Act (ERISA), 29 U.S.C.A. §§ 1001–1381 (West 1975 & Supp.Pamph. 1976–84), by serving in conflicting official capacities and by acting adversely to the interests of the H & W Fund in the collective bargaining process.[1] The trustees cross-appeal the district court's refusal to entertain their request for attorney's fees.

ERISA imposes upon fiduciaries of employee benefit plans the duties of loyalty and prudence. Id. § 1104(a)(1).[2] It elaborates upon these duties by specifying that a fiduciary shall not "in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its beneficiaries." Id. § 1106(b)(2). A fiduciary may, however, also serve as an officer, employee, agent, or other representative of a union or an employer. Id. § 1108(c)(3); see id. § 1002(4), (5), (14). Logic demands that if a fiduciary may hold such positions, then he may fulfill the concomitant responsibilities. See Curren v. Freitag, 432 F.Supp. 668, 672 (S.D.Ill.1977). Thus, a trustee of an employee benefit plan does not violate ERISA merely by also serving in a position with an employee organization or employer that requires him to represent such entity in the collective bargaining negotiations that determine the funding of the plan. See id. at 671. In those negotiations, the bargaining representative represents either the employer or the employees. See 29 U.S.C.A. §§ 157, 158(b)(1)(B), 186(c)(5)(B). To require him to consider only the best interests of the plan at the negotiation ta-

---

1. The trustees argue that these contentions are not properly before this court because the plaintiffs did not present such arguments to the district court. The plaintiffs did not raise these issues in their complaint. They did, however, cite them in opposition to the trustees' motion for summary judgment and the district court did rule on them. "In federal practice any question which has been presented to the trial court for a ruling and not thereafter waived or withdrawn is preserved for review." *United States v. Harue Hayashi*, 282 F.2d 599, 601 (9th Cir.1960); *see Bentley v. Palmer House Co.*, 332 F.2d 107, 109 (7th Cir.1964) (although appellants did not raise issue before the district court, holding of district court placed issue before appellate court.) We may therefore review the plaintiffs' case.

2. A trustee of an employee benefit plan, *see* 29 U.S.C.A. § 1002(3), is a fiduciary for purposes of ERISA. 29 C.F.R. § 2509.75–8 (question D–3) (1984); *see* 29 U.S.C.A. § 1002(21)(A).

ble would be to require him to breach the trust of his constituents. We decline to do so.

■ Likewise, nothing in ERISA prohibits a fiduciary from serving as a trustee of two employee benefit plans so long as nothing in the arrangement causes him to violate the general fiduciary duties codified in ERISA. *See* 29 U.S.C.A. § 1104(a)(1).[3] The plaintiffs failed to produce any evidence of such a violation. The district court therefore properly granted the defendants' motion for summary judgment.

The district court entered judgment against the plaintiffs, dismissed the case on the merits and awarded costs to the trustees. The trustees filed a motion to alter and amend judgment, *see* Fed.R.Civ.P. 59(e), and requested that the court retain jurisdiction to permit them to file a motion for award of attorney's fees.[4] The court denied the motion, noting only that the issue of an award of attorney's fees to the defendants was close.

■ A district court may in his discretion award a reasonable attorney's fee and costs of the action to either party in an ERISA action. 29 U.S.C.A. § 1132(g)(1). The standard for review of such a decision is abuse of discretion. *Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255, 1266 (5th Cir.1980); *see Bonner v. City of Prichard, Alabama*, 661 F.2d 1206, 1207 (11th Cir.1981) (en banc) (decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981, are binding precedent in the eleventh circuit). This review requires that the district court state the reasons for his disposition of a request for attorney's fees. *Gordon v. United States Steel Corp.*, 724 F.2d 106, 108 (10th Cir. 1983); *Iron Workers*, 624 F.2d at 1266. His analysis must include the criteria enunciated in *Iron Workers*, 624 F.2d at 1266.

■ The district court's denial of the trustees' rule 59(e) motion was in effect a refusal to make the findings required by *Iron Workers*. This denial was an abuse of the district court's discretion. *See Thomas v. Farmville Manufacturing Co.*, 705 F.2d 1307, 1307 (11th Cir.1983) (standard of review for a denial of a rule 59(e) motion is abuse of discretion). We therefore reverse the denial of the trustees' rule 59(e) motion and remand the claim for attorney's fees to the district court.

AFFIRMED IN PART, REVERSED IN PART and REMANDED.

---

3. The plaintiffs contend that because the H & W Fund and the Pension Fund "compete" for employers' contributions, their interests are adverse so that serving as a trustee of both constitutes a *per se* violation of ERISA. *See* 29 U.S.C.A. § 1106(b)(2). The Second Circuit Court of Appeals has stated that section 1106 requires a transaction between the plan and a party having an adverse interest. *Donovan v. Bierwirth*, 680 F.2d 263, 270 (2d Cir.), *cert. denied*, 459 U.S. 1069, 103 S.Ct. 488, 74 L.Ed.2d 631 (1982). We do not embrace this conclusion totally since section 1106 expressly forbids a fiduciary to *represent* an adverse party. We do agree with the Second Circuit Court of Appeals, however, that Congress did not intend an expansive interpretation of section 1106 such as that proffered by the plaintiffs, "particularly in light of the inclusion of the sweeping requirements of prudence and loyalty contained in § 404 [29 U.S.C.A. § 1104]." 680 F.2d at 270; *cf. Cutaiar v. Marshall*, 590 F.2d 523, 531 (3d Cir.1979) (section 1106(b)(2) creates "per se prohibition of a transfer between two funds where the trustees are identical but the participants and beneficiaries are not").

4. Under the circumstances of this case, a rule 59(e) motion was the proper means of seeking an award of attorney's fees. *See Stacy v. Williams*, 446 F.2d 1366, 1367 (5th Cir.1971).