**Richard A. BOLT and Richard A. Bolt, M.D., P.A., Plaintiffs–Appellants,**

**v.**

**HALIFAX HOSPITAL MEDICAL CENTER, et al., Defendants–Appellees.**

Nos. 84–3256, 84–3603.

United States Court of Appeals, Eleventh Circuit.

May 16, 1989.

Donald E. Christopher, Orlando, Fla., Clark Havighurst, Durham, N.C., Hal K. Litchford, Litchford, Christopher & Milbrath, P.A., Orlando, Fla., for plaintiffs-appellants.

Elizabeth R. Hilder, F.T.C., Washington, D.C., for amicus F.T.C.

William E. Loucks, Daytona Beach, Fla., for Volusia County Medical Soc.

James E. Slater, Orlando, Fla., for Willis Stose, M.D.

J. Charles Ingram, G.B., McVay Voght, Hannah, Marsee, Blik & Voght, Orlando, Fla., for Daytona, Humana, Boye, Marino.

Clinton R. Batterton, David A. Donohoe, Washington, D.C., Harold C. Hubka, Daytona Beach, Fla., for Halifax Hosp. Medical Center.

Ronald L. Harrop, Dennis R. O'Connor, Gurney & Handley, P.A., Orlando, Fla., for Roberson and Smith M.D.'s.

Adams & Hill, Janet W. Adams, Orlando, Fla., for Ormond Beach Hosp.

Emmet J. Bondurant, Bondurant, Mixson & Elmore, Michael B. Terry, Atlanta, Ga., for amicus Hosp. Authority of Clarke County.

Before RONEY, Chief Judge, and TJOFLAT, HILL, FAY, VANCE, KRAVITCH, JOHNSON, HATCHETT, ANDERSON, CLARK, EDMONDSON and COX, Circuit Judges, and TUTTLE *, Senior Circuit Judge.

PER CURIAM:

We granted rehearing *en banc* in this case, *see Bolt v. Halifax Hosp. Medical Center,* 861 F.2d 1233 (11th Cir.1988), to consider whether the appellee hospitals and their medical staffs were exempt from federal antitrust liability under the state action doctrine of *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), as recently interpreted by the Supreme Court in *Patrick v. Burget,* 486 U.S. 94, 108 S.Ct. 1658, 100 L.Ed.2d 83 (1988). A panel of this court had answered this question affirmatively, concluding that Florida's regulatory scheme, which provided for probing judicial review of peer review board decisions regarding medical staff privileges, constituted "active state supervision" sufficient to invoke *Parker's* state action exemption. *See Bolt v. Halifax Hosp. Medical Center,* 851 F.2d 1273, 1282 (11th Cir.1988).

In oral argument before the *en banc* court, the appellee hospitals and their medical staffs formally withdrew any claim that they were immune from antitrust liability under the state action exemption. Thus, whether or not the defendants are entitled to immunity under *Parker's* state action exemption, they now have clearly waived that immunity in this case. Since we granted rehearing solely to consider this issue, further consideration of the case by the *en banc* court is unnecessary.

The court therefore reinstates the panel opinion, *see Bolt v. Halifax Hosp. Medical Center,* 851 F.2d 1273 (11th Cir.1988), with the exception of the opinion's discussion of the state action exemption, *see id.* at 1279–84, which remains vacated and without precedential value. The case is thus remanded to the panel, which shall reconsider its decision in light of the hospitals' and medical staffs' waiver of immunity and the parties' outstanding petition for rehearing.

IT IS SO ORDERED.