Margaret BLANK, et al., Plaintiffs,

v.

BETHLEHEM STEEL CORPORATION,
et al., Defendants.

No. 88–867–Civ–J–12.

United States District Court,
M.D. Florida,
Jacksonville Division.

May 4, 1990.

John F. MacLennan, Kattman, Eshelman & MacLennan, P.A., Jacksonville, Fla., for plaintiffs.

Karr Tuttle Campbell, Richard J. Omato, Seattle, Wash., and Smith & Hulsey, E. Lanny Russell, Jacksonville, Fla., for defendants.

## ORDER DENYING REQUEST FOR ATTORNEY FEES

MELTON, District Judge.

This cause is before the Court on defendants' Motion for Attorneys' Fees and Costs, filed herein on April 9, 1990. Plaintiffs responded with a memorandum in opposition to the motion, filed herein on April 20, 1990. The Court will deny the motion for the reasons stated herein.

Defendants seek fees and costs pursuant to 29 U.S.C. § 1132(g) following their success in obtaining summary judgment against plaintiffs. *See* Order Granting Summary Judgment, entered February 9, 1990. The decision to make such an award is committed to the sound discretion of this Court, guided by several factors. *See, e.g., Curry v. Contract Fabricators Inc. Profit Sharing Plan,* 891 F.2d 842, 848–50 (11th Cir.1990); *Dixon v. Seafarers' Welfare Plan,* 878 F.2d 1411, 1412–13 (11th Cir. 1989); *McKnight v. Southern Life & Health Ins. Co.,* 758 F.2d 1566, 1572 (11th Cir.1985); *Iron Workers Local No. 272 v. Bowen,* 624 F.2d 1255, 1266 (5th Cir.1980). Five factors that constitute the "nuclei of

concern" for evaluating the propriety of an attorney fee award are:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorneys' fees; (3) whether an award of attorneys' fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorneys' fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and (5) the relative merits of the parties' positions.

*Bowen,* 624 F.2d at 1266. No one factor, however, is necessarily decisive. *Id.*

The first factor, plaintiffs' culpability or bad faith, forms the basis of the greatest disagreement between the parties. Defendants urge two theories under which this factor weighs in their favor. One, defendants propose that bad faith is not a prerequisite to an award of fees; rather, a lack of substantial justification in plaintiffs' litigation position adequately satisfies the *Bowen* test. Two, defendants argue that the position taken by plaintiffs in this lawsuit sufficiently lends itself to description as "bad faith" in order to qualify under the first *Bowen* factor.

■ The Court must reject the first theory out-of-hand. It is without support in the precedent of the Eleventh Circuit or its predecessor circuit. The sole case authority cited by defendants for the proposition that bad faith is not necessary is the panel opinion in *Blessitt v. Retirement Plan for Employees of Dixie Engine Co.,* 817 F.2d 1528, 1532–33 (11th Cir.1987), an opinion that was vacated, 836 F.2d 1571 (11th Cir. 1988), and rendered moot in relevant part by the *en banc* opinion, 848 F.2d 1164 (11th Cir.1988). The panel opinion has no precedential value. *See United States v. Michael,* 645 F.2d 252, 254 n. 2 (5th Cir. May 1981) (en banc) (vacated opinion is as if it never existed), *cert. denied,* 454 U.S. 950, 102 S.Ct. 489, 70 L.Ed.2d 257 (1981); *see also Bolt v. Halifax Hosp. Med. Ctr.,* 874 F.2d 755, 756 (11th Cir.1989) (en banc) (por-

tion of opinion not expressly reinstated by *en banc* court remains "vacated and without precedential value").

■ The companion proposition, that the Court should import the "substantial justification" standard from the Equal Access to Justice Act into an ERISA attorney fees determination, likewise lacks support in the precedent of the Eleventh Circuit Court of Appeals. The authority relied upon by defendants is *Bittner v. Sadoff & Rudoy Industries,* 728 F.2d 820 (7th Cir.1984). The Seventh Circuit stands alone in subscribing to this case, with other courts expressly or implicitly rejecting its EAJA/ERISA merger. *See, e.g., Firestone Tire & Rubber Co. v. Neusser,* 810 F.2d 550, 557 (6th Cir.1987) (finding abuse of discretion by district court that followed *Bittner* method in lieu of five factor test substantially like *Bowen* factors); *Gray v. New England Tel. & Tel. Co.,* 792 F.2d 251, 258 (1st Cir.1986) (declining to follow *Bittner* ); *see also West v. Greyhound Corp.,* 813 F.2d 951, 956 (9th Cir.1987) (reaffirming approach to ERISA fee awards that implicitly rejects *Bittner* ); *Hoover v. Armco, Inc.,* 691 F.Supp. 184, 189 n. 10 (W.D. Mo.1988) (observing that no other circuit has adopted *Bittner* approach and declining to follow it on the ground that it is not consistent with Eighth Circuit precedent).

An Eleventh Circuit case decided after *Bittner* appears to embody an implicit rejection of the case. In *Evans v. Bexley,* 750 F.2d 1498 (11th Cir.1985), the defendants, trustees of the ERISA plan, prevailed on summary judgment and sought an award of attorney fees from the plaintiffs. The district court summarily denied the request. The Eleventh Circuit remanded the question, holding, "the district court [must] state the reasons for his disposition of a request for attorney's fees. His analysis must include the criteria enumerated in [*Bowen* ]." *Id.* at 1500 (citations omitted). Consistent with this command, the Court rejects defendants' first theory concerning the first factor, and will proceed to set

forth an analysis of the *Bowen* factors.[1]

■ Thus, regarding the first factor, the Court now considers defendants' argument that plaintiffs' litigation positions may be described as containing some degree of bad faith. The Court disagrees. The strength of the parties' positions is an issue to be considered under the fifth *Bowen* factor. (And the Court will consider defendants' argument at that point.) Bad faith and culpability are subjective states to be evaluated in their own right. The arguments raised by plaintiffs in opposition to the motion for summary judgment, although unsuccessful, reflect a good faith belief in the factual and legal basis for this lawsuit. The culpability for the creation of the circumstances that gave rise to the lawsuit rests solely with defendants. Consequently, this factor does not weigh in favor of a fee award.

The second factor, ability to pay, does not weigh in favor of a fee award. Although defendants are willing to reduce their fee request to nearly one-half the billed amount in order to make it more palpable as an assessment against individuals, no evidence in the record demonstrates plaintiffs' ability to pay even the lower amount. Defendants have expressed an estimate based on a percentage of the salary that plaintiffs received when they worked for Buffalo Tank Division, but this crude figure tells nothing of plaintiffs' current financial status. Absent affirmative evidence of ability to pay, the Court cannot find in defendants' favor on this factor.

The third factor, deterrence of wrongful conduct, does not fit well into the analysis of an award to be assessed against ERISA plaintiffs. *See, e.g., Neusser,* 810 F.2d at 557. On the one hand, the prospect of a large bill for attorney fees should not stand in the way of an ERISA plan participant's decision to vindicate what that individual perceives as a legitimate wrong perpetrated by an ERISA plan, even if the partici-pant's perception is later determined to be in error. On the other hand, the financial stability of ERISA plans should not be diminished by the burden of paying their own attorney fees for every unsuccessful suit, regardless of merit, that may be lodged against such plans. In most cases, however, plaintiffs facing the prospect of bearing the costs of their own attorney fees will be adequately deterred from filing frivolous and harassing lawsuits. This factor at best weighs weakly in favor of a fee award, although under the circumstances of this case the Court finds the deterrence rationale insufficient.

The fourth factor also lacks a close fit with the analysis of a fee award to an ERISA defendant. The factor appears crafted to distinguish successful plaintiffs who are merely vindicating their own rights, and therefore should bear their own fees, from those plaintiffs who have acted from more altruistic motives, and therefore should be permitted to tax their litigation expenses. By contrast, virtually every unsuccessful plaintiff will seem somewhat petty and self-interested. In this case, it deserves mention, eighteen affected individuals joined together in one lawsuit, certainly an indicator that the issue at bar held significance from the perspective of the plan as the whole. The resolution of the status of the Rule–of–65 Retirement benefits as accrued or unaccrued is a significant legal question and is a matter of considerable importance to participants in a plan that serves a corporation actively involved in the sale of operations. The fourth factor does not support a fee award.

The fifth and final factor, the relative merits of the parties' positions, is not resolved by reference to the entry of summary judgment. For example, attorney fees were not awarded in *McKnight* although summary judgment was entered. Rather, this factor turns on the degree of disparity in the merits of the parties' positions; that is, whether the losing party's position was

---

**1.** Admittedly, the *Bowen* factors "very frequently suggest that attorney's fees should not be charged against ERISA plaintiffs." *Operating Eng'rs Pension Trust v. Gilliam,* 737 F.2d 1501, 1506 (9th Cir.1984) (addressing Ninth Circuit precedent similar to *Bowen* ). While defendants feel aggrieved by this result, this Court is not the forum in which to seek relief from the clear mandates of the Eleventh Circuit.

so insubstantial that equity should compensate the winning party with an award of attorney fees. This factor should be viewed as a complement to the first factor. When bad faith or culpability is established, this factor need not be consulted; when those improper motives are absent, an award of attorney fees still may be proper if the position of the parties reflects the kind of disparity previously described.

Defendants' Motion Requesting Opportunity to File Reply Brief, filed herein on October 4, 1989, and granted October 19, 1989, justified the requested brief on the ground that plaintiffs "raise[d] a number of complex legal issues ... which were not discussed by defendants in their initial memorandum...." Further, defendants urged that because the matter of whether the Rule–of–65 Retirement benefits are accrued benefits "is central to the Court's ability to rule as a matter of law," they should be allowed "the opportunity to provide additional briefing on this complex legal question." These earlier statements by defendants constitute an admission concerning the substantiality of plaintiffs' positions. The Court independently finds that plaintiffs' positions held sufficient merit relative to defendants' positions that a fee award is not appropriate.

In sum, an analysis of the *Bowen* factors yields the conclusion that plaintiffs should not be taxed any portion of defendants' attorney fees. The Court, in the exercise of its discretion, so rules. Accordingly, it is

ADJUDGED:

That defendants' Motion for Attorneys' Fees and Costs is hereby denied.

DONE AND ORDERED.