[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-10065
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 23, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 06-01890-CV-LSC-W

ALBERT W. MAY, III,

Plaintiff-Appellant,

versus

BOYD BROS. TRANSPORTATION, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(July 23, 2007)**

Before ANDERSON, BARKETT and COX, Circuit Judges.

PER CURIAM:

Albert W. May, III appeals following the district court's dismissal of his federal

claim pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, and the

dismissal without prejudice of his state-law negligence and wantonness claims pursuant to 28 U.S.C. § 1367(c).

May presents several issues on this appeal. First, he contends that his First Amended Complaint was timely, and that he was entitled to file this amendment without leave of court because no responsive pleading had been served by the Defendant. *See* Fed. R. Civ. P. 15(a). This is a non-issue; the district court's Memorandum of Opinion (R.1-8) and Order (R.1-9), as amended (R.1-11), address May's First Amended Complaint, and neither the Memorandum of Opinion nor the Order suggests that the First Amended Complaint was not properly filed.

Next, May argues that all claims contained in the First Amended Complaint relate back to the time the original complaint was filed. The district court's orders, however, do not address the "relation back" issue. While the Defendant's memo in support of its motion to dismiss raised the "relation back" issue, the court decided to decline to exercise supplemental jurisdiction over the state-law negligence and wantonness claims, and dismissed them without prejudice. Thus, we have no district court order on the "relation back" issue to review.

Lastly, May contends that the negligence and wantonness claims should have been remanded to state court rather than dismissed without prejudice. We review this claim under an abuse of discretion standard. *Thomas v. Farmville Mfg. Co., Inc.*, 705

2

F.2d 1307, 1307 (11th Cir. 1983). In determining whether to continue to exercise supplemental jurisdiction for state-law claims after all claims over which it has original jurisdiction have been dismissed, a district court should "'take into account concerns of comity, judicial economy, convenience, fairness, and the like.'" *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999) (quoting *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir. 1996)). Under the circumstances at hand, where the case was originally filed in state court and subsequently removed to federal court, precedent dictates that the district court should have remanded the remaining claims to state court. *See, e.g., Cook v. Sheriff of Monroe County*, 402 F.3d 1092, 1123 (11th Cir. 2005) (explaining "[b]ecause this case was originally filed in state court and removed to federal court pursuant to 28 U.S.C § 1441, if the district court declines to continue to exercise supplemental jurisdiction, [plaintiff's] remaining claim should be remanded to state court"); *Lewis v. City of St. Petersburg*, 260 F.3d 1260, 1267 (11th Cir. 2001) (holding that after all federal claims had been dismissed, "[i]f the district court does decline to exercise supplemental jurisdiction, these [state] claims shall be remanded to state court, rather than dismissed, because this case was originally filed in state court and removed to federal court"). Accordingly, we find that the district court abused its discretion in dismissing, rather than remanding, May's state-law claims. The district court's judgment is vacated and the action is

remanded with instructions to remand the negligence and wantonness claims to state court.

**VACATED AND REMANDED**.