[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 04, 2007
THOMAS K. KAHN
CLERK

_____

No. 05-16987
Non-Argument Calendar

_____

D. C. Docket No. 05-22597-CV-JLK

DANIEL MAGLIO,

Plaintiff-Appellant,

versus

HARIDAS BHADJA, DR.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 4, 2007)**

Before CARNES, BARKETT and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant Daniel Maglio, a state prisoner proceeding <u>pro se</u>, appeals the

district court's orders dismissing his civil rights action pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and denying him leave to amend his complaint. We affirm the dismissal but find reversible abuse of discretion in the denial of leave to amend.

Maglio complained to his prison's medical staff of back and hip pain, which he believed was caused by a pinched nerve, and which he contends the medical staff did not properly diagnose or treat. After filing administrative grievances to no avail, he filed this suit. The complaint alleged, in general and conclusory terms, that Dr. Haridas Bhadja, the medical director at Maglio's prison, violated Maglio's Eighth Amendment rights through deliberate indifference to his back pain. Maglio also asserted pendent state law claims for breach of contract and negligence arising out of the allegedly deficient medical care.

The district court referred the complaint to a magistrate, who recommended dismissal prior to service for failure to state a claim. The Report and Recommendation (R & R) found that the allegations did not rise to the level of deliberate indifference; rather, the complaint alleged, at most, that Maglio simply disagreed with the medical decisions of the defendant. Because Maglio did not object to the R & R, the district court adopted it and dismissed the complaint. Maglio contends he received a copy of the R & R outside the ten day objection period, indeed, after the district judge entered the dismissal order, so he could not

timely object. Accordingly, he filed various motions for post-judgment relief, as well as a motion for extension of time to file his objections to the R & R, and a motion for leave to file an amended complaint.

While these motions were under consideration, Maglio filed his untimely objections to the R &R and an amended complaint, both of which contained more factual details about his claims. The district court referred the objections and motion for leave to amend to a magistrate and denied the other post-judgment motions without prejudice. The magistrate issued a second R & R recommending that Maglio be allowed to file the amended complaint, as it stated a claim for relief. Ultimately, the district court construed the motion to extend the time to object to the first R & R as a motion for reconsideration of the order adopting the first R & R, granted the motion, but reaffirmed its ruling dismissing the original complaint. The district court then denied all other pending motions as moot, including the motion to amend the complaint.

First, we consider de novo whether the district court properly dismissed the original complaint for failure to state a claim. See, e.g., Hughes v. Lott, 350 F.3d 1157,1159-60 (11th Cir. 2003). Pro se complaints must be construed liberally and the factual allegations (but not legal conclusions) therein must be accepted as true. Id; see also Green Leaf Nursery v. E.I. DuPont De Nemours and Co., 341 F.3d

1292, 1304 n.12 (11th Cir. 2003) (citation omitted). Despite this lenient standard, we have no difficulty concluding that dismissal of the original complaint was proper. To prevail on his deliberate indifference claim, Maglio would have to allege and prove that he had an objectively serious medical need and that Dr. Bhadja acted with deliberate indifference to that need. Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citations omitted). A serious medical need is one that (i) poses a "substantial risk of serious harm" if unattended, and (ii) has been determined by a physician to require treatment, or is so obvious a lay person would recognize the necessity of a doctor's care. Id. Deliberate indifference is present when a defendant has subjective knowledge of a risk of serious harm to the plaintiff and disregards that risk by conduct that exceeds mere negligence. Id.

The allegations in Maglio's first complaint do not state a claim for deliberate indifference. Stripped of its legal conclusions, the first complaint essentially alleges that Maglio suffered back pain, sought treatment from the prison medical staff and received some treatment, but was incorrectly diagnosed and treated. Even drawing reasonable inferences in Maglio's favor, these allegations constitute professional negligence at most, not deliberate indifference. Indeed, one may infer from the complaint that Maglio received some treatment, which he viewed as inadequate, and Maglio confirmed in later filings that he received treatment

4

including muscle relaxants. Thus, even granting the dubious assumption that the protestations of back pain described in the complaint put the medical staff on notice that Maglio had an objectively serious condition, the medical staff hardly disregarded the risk of harm to him. Rather, the staff provided some treatment, but diagnosed and treated Maglio incorrectly. And while a prison doctor may be deliberately indifferent to an inmate's medical needs if he is "grossly incompetent" or chooses an easy but ineffective course of treatment over a difficult but effective one, McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999) (citations omitted), the conclusory allegations in the first complaint would not support such a finding. Thus, even generously construed, the original complaint essentially alleges medical malpractice, which is not actionable under the Eighth Amendment and § 1983. See, e.g., Mandel v. Doe, 888 F.2d 783, 787-88 (11th Cir. 1989) (citation omitted). Dismissal of the deliberate indifference claim was proper, and once this was evident, there was no abuse of discretion in also dismissing the pendent state law claims.

Notwithstanding the failure of the first complaint, it was an abuse of discretion for the district court to deny Maglio leave to amend. A plaintiff may amend his complaint of right when, as here, a responsive pleading has not yet been served. Fed. R. Civ. P. 15(a). This is equally true of complaints subject to § 1915,

5

as that statute "does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required by Fed. R. Civ. P. 15." Id. at 1260 n.5.  Moreover, the district court per se abuses its discretion when it denies leave to amend "in the absence of a declared or apparent reason," neither of which we see here.  Thomas v. Farmville Mfg. Co. Inc., 705 F.2d 1307 (11th Cir. 1988).  We note in particular that the original complaint was unserved, meaning amendment would not prejudice the defendant, and that the magistrate judge determined the amended complaint stated a claim for relief.  Even if amendment of right were unavailable, the equities clearly favor amendment here.

For these reasons, we affirm the dismissal of the original complaint, vacate the district court's order denying leave to file an amended complaint, and remand with instructions to permit the filing of the amended complaint.

AFFIRMED; VACATED AND REMANDED.