[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-11261
Non-Argument Calendar
_____

D.C. Docket No. 0:16-cv-61722-WPD

ERIC FERRIER,

Plaintiff - Appellant,

versus

JAMES V. ATRIA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 22, 2018)

Before MARCUS, JILL PRYOR and FAY, Circuit Judges.

PER CURIAM:

Eric Ferrier, a *pro se* litigant, appeals the dismissal of his complaint alleging intellectual property infringement and fraud claims against James Atria.  Ferrier argues that the district court erred by setting aside the clerk's entry of default judgment, dismissing Ferrier's complaint as barred by *res judicata*, and denying Ferrier's motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e).  After careful consideration, we affirm the district court's dismissal of Ferrier's complaint.

## I.    BACKGROUND

Ferrier is an independent contractor offering software consulting to businesses.  Ferrier and Atria had a development agreement under which Ferrier would build software to assist Atria in his construction business.  Atria eventually terminated the agreement.  Ferrier thereafter filed a complaint in federal district court against Atria.  According to the complaint, Atria used and distributed Ferrier's copyrighted materials and copied Ferrier's software, in violation of the Copyright Act, 17 U.S.C. § 101 *et seq*.  Additionally, Atria promoted Ferrier's copyrighted software in a manner likely to cause confusion, mistake, and deception among customers, in violation of the Lanham Act, 15 U.S.C. § 1125 *et seq*.  Atria also fraudulently transferred software and assets, in violation of 11 U.S.C. § 548.

2

Ferrier attached several exhibits to the complaint, including documents from an action that he had filed previously against Atria in the Southern District of New York. He also included a letter from the Florida Department of State acknowledging that Yvette McGee had accepted a copy of the initial complaint on behalf of Atria pursuant to Florida Statutes § 48.181, a law permitting a party to serve the Secretary of State in lieu of the defendant personally.

After Atria failed to appear, Ferrier filed a motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(b)(1). The district court directed the clerk to enter default against Atria, ordering Atria to show cause why Ferrier's motion for entry of a default judgment should not be granted. The district court noted in its order that it had not determined whether Ferrier's complaint supported the entry of a default judgment against Atria, and the court expressed concern that Ferrier's claims may be barred based on adverse rulings in the Southern District of New York action.

Atria filed a response to the order to show cause. He requested that the district court set aside the clerk's entry of default because Ferrier had failed to comply with the requirements for substitute service under Florida law, and Atria was unaware of the action against him until the district court mailed the order to Atria's counsel. Atria further argued that Ferrier had made similar claims in the Southern District of New York that were dismissed, and thus the case was barred

3

by *res judicata.* The district court granted Atria's motion to set aside the clerk's default, determining that Ferrier had not properly perfected service of process on Atria under Florida law.

Atria then moved to dismiss Ferrier's complaint based on *res judicata.* The district court granted Atria's motion, dismissing with prejudice. Ferrier filed a motion to amend or alter the judgment under Rule 59(e), which the district court denied.

Ferrier timely filed a notice of appeal, designating the district court's orders setting aside the clerk's entry of default, dismissing his complaint, and denying his Rule 59(e) motion. This is Ferrier's appeal.

## II.     STANDARDS OF REVIEW

We review the district court's grant of a motion to set aside an entry of default and its denial of leave to amend for an abuse of discretion. *Compania Interamericana v. Compania Dominicana*, 88 F.3d 948, 950 (11th Cir. 1996) (default judgment); *Thomas v. Farmville Mfg. Co., Inc.*, 705 F.2d 1307, 1307 (11th Cir. 1983) (leave to amend). We review *de novo* the district court's application of *res judicata. Griswold v. Cty. of Hillsborough*, 598 F.3d 1289, 1292 (11th Cir. 2010). We review the denial of a Rule 59(e) motion for an abuse of discretion. *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006). Finally, we construe *pro se* filings liberally. *Lorisme v. I.N.S.*, 129 F.3d 1441, 1444 n.3 (11th Cir. 1997).

## III.   DISCUSSION

### A.    The District Court Did Not Abuse Its Discretion by Setting Aside the Entry of Default Judgment.

Federal Rule of Civil Procedure 55(c) provides that a district court for good cause "may set aside an entry of default."  Good cause is "a liberal [standard] . . . not susceptible to a precise formula."  *Compania*, 88 F.3d at 950.  However, "some general guidelines are commonly applied."  *Id.*  For example, courts determining whether to set aside a default "have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense."  *Id.*

Here, the district court did not abuse its discretion in setting aside the entry of default because Atria lacked notice of Ferrier's lawsuit against him; therefore, his default was not willful.  As the district court determined, Ferrier failed to comply with Florida law permitting substitute service.[1]  Florida Statutes § 48.181 permits plaintiffs to treat the Secretary of State as an agent for service of process in certain instances.  Relevant here, the statute requires the plaintiff to serve a copy of the summons and complaint on the Secretary of State and provide notice of that service to the defendant by mailing him a copy of the process via certified or

---

[1] The Federal Rules of Civil Procedure allow a defendant to be served pursuant to state law.  Fed. R. Civ. P. 4(e)(l).  We therefore consider Ferrier's compliance with state law.

registered mail. *Id.* § 48.161(1). Although Ferrier served the Secretary of State, he failed to mail notice of his service to Atria via certified or registered mail. As a result, Atria was unaware of the action against him; he did not "display[] either an intentional or reckless disregard for the judicial proceedings." *Compania*, 88 F.3d at 951-52.

Furthermore, the district court noted that Atria may have a meritorious defense against Ferrier's claims. In its order directing the clerk to set aside the default, the district court specifically noted its concerns about the merits of Ferrier's claims given that he had filed similar claims previously. And as we discuss below, the district court was correct that *res judicata* barred Ferrier from re-litigating his claims.

Because the district court properly considered whether Atria's default was willful and whether his defense had merit, it did not abuse its discretion in setting aside the default.

**B.    The District Court Correctly Determined that Ferrier's Complaint Was Barred by *Res Judicata*.**

Ferrier argues that the district court erred in determining that his claim was barred by *res judicata*. "Under *res judicata*, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action." *In re Piper Aircraft Corp.*, 244 F.3d 1289, 1296 (11th Cir. 2001). Claim preclusion bars a

subsequent action when the following elements are present: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) both cases involved the same parties; and (4) both cases involved the same causes of action. *Id.*

Ferrier argues that claim preclusion does not apply because the order in the Southern District of New York dismissing his claims determined only that he had failed to properly serve Atria. An order dismissing a complaint for lack of proper service, however, constitutes a final judgment on the merits. Federal Rule of Civil Procedure 41(b) provides that an involuntary dismissal is an adjudication on the merits unless the dismissal is one for lack of jurisdiction, improper venue, or failure to join a party under Federal Rule of Civil Procedure 19, or "the dismissal order states otherwise." Because the district court in the Southern District of New York dismissed Ferrier's complaint with prejudice for lack of proper service, the order was a final judgment on the merits.

The other elements of *res judicata*, which Ferrier does not contest, also are satisfied. First, the district court in the Southern District of New York was a court of competent jurisdiction because it had "an existing source of subject-matter jurisdiction" to adjudicate the action. *Lightfoot v. Cendant Mortg. Corp.*, 137 S. Ct. 553, 555 (2017). Second, the two cases involved the same parties. Third, Ferrier's allegations here arose from the "same nucleus of operative fact" as those

7

he made in the Southern District of New York, and thus they are the same claim for *res judicata* purposes. *Piper Aircraft Corp.*, 244 F.3d at 1296-97. The district court correctly determined that *res judicata* barred Ferrier from bringing his claims against Atria.

## C.      The District Court Did Not Abuse Its Discretion by Denying Ferrier Leave to Amend His Complaint.

Ferrier also argues that the district court erred in failing to grant him leave to amend his complaint. In general, a *pro se* litigant must be given an opportunity to amend his complaint. *See Cockrell v. Sparks*, 510 F.3d 1307, 1310 (11th Cir. 2007). A district court need not allow amendment, however, where it would be futile. *Id.*

The district court did not abuse its discretion by denying Ferrier leave to amend because doing so would have been futile. As discussed above, Ferrier's claims are barred by *res judicata*, which prevents a party from raising claims that were raised or could have been raised in a previous action. Therefore, a more carefully drafted complaint "would still be properly dismissed or be immediately subject to summary judgment for the defendant." *Id.* The district court therefore did not abuse its discretion in denying Ferrier leave to amend.

**D.    The District Court Did Not Abuse Its Discretion by Denying Ferrier's Motion to Alter or Amend Judgment Under Rule 59(e).**

Finally, Ferrier argues that the district court erred in denying his motion to alter or amend judgment under Rule 59(e).  This Court has held that a Rule 59(e) motion may be granted only when there has been newly-discovered evidence or a manifest error of law or fact.  *Jacobs v. Tempur-Pedic Int'l., Inc.*, 626 F.3d 1327, 1344 (11th Cir. 2010).  Such a motion may not be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment."  *Id.* (internal quotation marks omitted).

Ferrier failed to raise in his Rule 59(e) motion any issue that could not have been raised prior to the district court's order dismissing the action.  In his motion, Ferrier argued that *res judicata* did not apply because there had been no final decision on the merits.  He also argued that the court should allow him to add a new party to the action, which would prevent *res judicata* from applying.  These arguments could have been made prior to the district court's final order dismissing the action, however, and thus Ferrier did not satisfy Rule 59(e)'s requirements.  The district court did not abuse its discretion by denying Ferrier's Rule 59(e) motion.[2]

---

[2] Ferrier also argues that the district court was biased against him because it denied many of his motions.  This general argument as to the district court's impartiality falls well short of establishing "deep-seated favoritism or antagonism as would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994).  We thus reject Ferrier's argument that the district court was biased.

## IV.    CONCLUSION

For these reasons, we affirm the district court's order granting the motion to dismiss.

**AFFIRMED.**