United States Court of Appeals,

Eleventh Circuit.

No. 95-5056.

COMPANIA INTERAMERICANA EXPORT-IMPORT, S.A., a Panamanian Corporation, IAL Aircraft Holding, Inc., a Florida Corporation, AAA Interair, Inc., a Florida Corporation, Plaintiffs-Appellees,

v.

COMPANIA DOMINICANA DE AVIACION, a Dominican Corporation a/k/a Dominicana Airlines, Corporacion Dominicana De Empresa Estatales, a Dominican Corporation, Defendants-Appellants.

July 23, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 93-1771-CIV-FAM), Federico A. Moreno, Judge.

Before COX and BARKETT, Circuit Judges, and BRIGHT[*], Senior Circuit Judge.

BARKETT, Circuit Judge:

Appellants Compania Dominicana de Aviacion and Corporacion Dominicana de Empresa Estatales (collectively "Dominicana") appeal the district court's entry of default and default judgment against them and in favor of Appellees Compania Interamericana Export-Import, IAL Aircraft Holding, Inc., and AAA Interair, Inc. (collectively "IAL"), in this breach of contract dispute. Dominicana also appeals the district court's denial of its motions to set aside the entry of default and default judgment.

Background

IAL sued Dominicana, the national airline of the Dominican Republic and a corporation wholly owned by that government, for breach of contract and injunctive relief, and Dominicana

_____

[*]Honorable Myron H. Bright, Senior U.S. Circuit Judge for the Eighth Circuit, sitting by designation.

counterclaimed for wrongful repossession, conversion, breach of leases, breach of contract, negligence, and fraud. During trial preparation, Dominicana ran into a number of problems due to political unrest in the Dominican Republic, changes in the management of the company, and financial difficulties. As a result, Dominicana failed to comply with a number of discovery requests in a timely fashion, and in January of 1995, Dominicana's counsel, Greenberg Traurig, withdrew from the case citing "irreconcilable differences" stemming from non-payment of legal fees. The court directed Dominicana to secure new counsel on or before February 13, 1995, or risk sanctions. On February 14, 1995, Dominicana moved for an extension of time to retain counsel, explaining that it had reached an agreement on representation with Alvaraz, Armas and Borron, but that approval had to be obtained from the Dominican Republic's executive authority, who would not be able to approve the agreement until March 6. The court granted the extension, and denied a motion for default filed by IAL. Dominicana retained counsel by March 6, but on March 14, 1995, IAL again moved for default citing Dominicana's failure to respond to interrogatories. Dominicana responded by stating that the discovery delays and financial burdens were caused by the ongoing political unrest in the Dominican Republic and within the corporation. The court then ordered the parties to participate in mediation no later than 60 days before the trial date of July 5. Pursuant to that order IAL filed a motion for mediation on May 10. Dominicana, however, moved for an extension of time because no authorized corporate representative would be available until May

20.  On May 22, Alvaraz Armas filed a motion to withdraw as counsel because Dominicana was unable to comply with its financial commitments.[1]  On May 23, the court granted the motion to withdraw, denied Dominicana's motion for an extension of time to retain new counsel, and ordered Dominicana to obtain counsel immediately.

On May 24, 1995, the court ordered a default "because corporate Defendants are not represented by counsel," and directed IAL to file a motion for default judgment, to which Dominicana could respond by June 26.  On June 16, 1995, IAL filed a motion for default judgment, and in support of its request for damages attached the affidavit of IAL's chief financial officer.  On July 7, Greenberg Traurig filed a notice of appearance as counsel for Dominicana, and moved to set aside the entry of default.  On July 10, the district court entered a final default judgment, citing Dominicana's "failure to obtain ... counsel and ... failure to comply with this Court's discovery orders."  The court awarded IAL damages based upon the affidavits it had submitted.

On July 19, Dominicana filed a motion for relief from judgment.  The court denied both the July 7 motion to set aside the entry of default, and the July 19 motion for relief from default judgment, and Dominicana appeals.  Dominicana argues that the district court erred in entering a judgment of default because IAL failed to comply with the requirements of 28 U.S.C. § 1608(e),

---

[1]Both Greenberg Traurig and Alvaraz Armas explained to the court that Dominicana was having financial problems as a result of bureaucratic upheaval, and that its problems were not the result of willful misconduct.  At one point during the litigation, IAL also acknowledged the political unrest within the Dominican Republic.

governing default judgments against foreign sovereigns. Dominicana also contends that the district court abused its discretion in refusing to set aside its entry of default pursuant to Rule 55(c), Federal Rules of Civil Procedure. Finding no abuse of the court's discretion, we affirm the district court's denial of Dominicana's motion to set aside the order of default. However, because it appears that the district court failed to consider the requirements of 28 U.S.C. § 1608(e), we vacate the entry of the judgment against Dominicana.

*Entering Default Judgment Under § 1608(e).*

The Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. § 1608(e), governs the requirements for obtaining a default judgment against a foreign sovereign. Section 1608(e) provides:

> No judgment of default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision, or an agency or instrumentality of a foreign state, *unless the claimant establishes his claim or right to relief by evidence satisfactory to the court.*

28 U.S.C. § 1608(e) (emphasis added). Congress intended § 1608(e) to provide foreign states protection from unfounded default judgments rendered solely upon a procedural default. H.R.Rep. No. 1487, 94th Cong., 2d Sess. 26 (1976), *reprinted in* 1976 U.S.C.C.A.N. 6604, 6625. Section 1608(e) is modeled after Fed.R.Civ.P. 55(e), which similarly protects the federal government from default judgments based solely upon procedural defaults.[2] *Id.*

---

[2]Rule 55(e) provides that

> [n]o judgment by default shall be entered against the United States or an officer or agency thereof unless the claimant establishes a claim or right to relief by evidence satisfactory to the court.

Rule 55(e) "rests on the rationale that the taxpayers at large should not be subjected to the cost of a judgment entered as a penalty against a government official which comes as a windfall to the individual litigant." *Campbell v. Eastland,* 307 F.2d 478, 491 (5th Cir.1962);[3] *see also Commercial Bank of Kuwait v. Rafidain Bank,* 15 F.3d 238, 242 (2d Cir.1994) (Rule 55(e) and § 1608(e) reflect congressional recognition that public fisc should be protected from unfounded claims which would be granted solely because of government's delay in responding).

IAL does not contest the necessity of "establishing [its] claim or right to relief by evidence satisfactory to the court." 28 U.S.C. § 1608(e).  IAL argues, rather, that it presented such evidence through affidavits and invoices detailing the amounts owed, as well as the underlying lease agreements and guaranties. In granting IAL default judgment, the district court "considered the motion and the pertinent portions of the record," and cited IAL's affidavit as to the amounts due from Dominicana.  As noted, however, a default judgment governed by § 1608(e) must be treated differently than an ordinary default judgment.  Under § 1608(e), in addition to damages, the claimant must "establish his claim or right to relief," and must do so by "evidence satisfactory to the court."  This implies that, as a threshold matter, IAL was required to establish entitlement to relief by providing satisfactory evidence as to each element of the claims upon which relief was

_____

[3]In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as precedent all decisions of the former United States Court of Appeals for the Fifth Circuit rendered prior to October 1, 1981.

sought.  Although explicit findings may not always be required, the record must show that "the plaintiff provided sufficient evidence in support of its claims" and that the evidence was considered by the court before the default judgment was entered.  *Rafidain Bank,* 15 F.3d at 242.  Here, the record does not reflect that the court considered the differing standard required by § 1608(e) prior to its entry of default judgment against Dominicana.  Accordingly, we remand this case for consideration of § 1608(e).

*Setting Aside an Order of Default.*

Having vacated the judgment, we now turn to the question of whether the court abused its discretion in denying Dominicana's motion to set aside the entry of default.  Rule 55(c), Federal Rules of Civil Procedure, provides in relevant part that "[f]or good cause shown the court may set aside an entry of default."

" "Good cause' is a mutable standard, varying from situation to situation.  It is also a liberal one—but not so elastic as to be devoid of substance."  *Coon v. Grenier,* 867 F.2d 73, 76 (1st Cir.1989).  We recognize that "good cause" is not susceptible to a precise formula, but some general guidelines are commonly applied. *Id.*  Courts have considered whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense. *Rafidain Bank,* 15 F.3d at 243;  *see also Robinson v. United States,* 734 F.2d 735, 739 (11th Cir.1984).  We note, however, that these factors are not "talismanic," and that courts have examined other factors including whether the public interest was implicated, whether there was significant financial loss to the defaulting

party, and whether the defaulting party acted promptly to correct the default. *E.g., Dierschke v. O'Cheskey,* 975 F.2d 181, 184 (5th Cir.1992). "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of "good cause' to set aside a default." *Id.* However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 194-95 (6th Cir.1986).

Dominicana claims that its failure to follow court orders was not willful, but resulted from political unrest and the struggling economy of the Dominican Republic. While we do not doubt the administrative difficulties faced by Dominicana during this litigation, we cannot say that the district court abused its discretion in denying Dominicana relief from default. Most failures to follow court orders are not "willful" in the sense of flaunting an intentional disrespect for the judicial process. However, when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance, the result may be deemed willful. The district court exhibited considerable patience in granting Dominicana several extensions with regard to the discovery orders and with regard to obtaining counsel. Foreign governments have the protection of § 1608(e); by the same token, permitting the entry of a judgment only upon the claimant's satisfactory evidence necessarily implies that the litigation need not be held in abeyance until a foreign country chooses to

participate in the lawsuit.

Accordingly, we affirm the district court's denial of the motion to set aside the entry of default, but vacate the default judgment, and remand for proceedings consistent with this opinion.

AFFIRMED in part;  VACATED in part;  and REMANDED.