**UNITED STATES OF AMERICA,**
**Plaintiff,**

v.

**Douglas NALLS, Defendant.**

**No. 95–2649–CIV–MOORE.**

United States District Court,
S.D. Florida,
Miami Division.

March 31, 1997.

Mark A. Levine, Asst. U.S. Atty., Miami, FL, for Plaintiff.

Anthony Genova, Miami, FL, for Defendant.

***ORDER***

K. MICHAEL MOORE, District Judge.

THIS CAUSE came before the Court upon Defendant's Motion to Set Aside Default (D.E.28).

## BACKGROUND

Plaintiff United States of America commenced this action in November, 1995 with the filing of a complaint seeking a temporary restraining order ("TRO"), preliminary and permanent injunction, other equitable relief, damages, penalties and pre- and post-judgment remedies (D.E. 1). The complaint was served upon defendant on December 1, 1995 (D.E. 21; Defendant's Motion to Set Aside Default, ¶ 1) ("Def. Motion"). In its complaint, plaintiff alleged that defendant violated 18 U.S.C. § 287 by submitting fraudulent Medicare reimbursement claims to Blue Cross Blue Shield of Florida. By order dated November 29, 1995, this Court granted a temporary restraining order and set the matter for a hearing (D.E. 7).[1] On December 21, 1995, defendant's counsel filed a notice of appearance, objected to the TRO, requested discovery and demanded a jury trial (D.E. 17).[2] The Court held a preliminary injunction hearing on January 19, 1996. At the close of the hearing, the Court entered a preliminary injunction (D.E. 18).[3] On August 5, 1996, plaintiff moved for entry of default against plaintiff, which the Clerk of Court entered (D.E. 24, 25). On August 29, 1996, defendant moved to set aside the entry of default (D.E. 28). On September 6, plaintiff moved for entry of final default judgment and permanent injunction (D.E. 29).

## DISCUSSION

■ A motion to set aside the entry of a default is governed by Rule 55(c) of the Federal Rules of Civil Procedure, which states, in pertinent part, that "[f]or good cause shown the court may set aside an entry of default." Fed.R.Civ.P. 55(c), 28 U.S.C. " 'Good cause' is a mutable standard, varying from situation to situation. It is also a lib-

eral one—but not so elastic as to be devoid of substance." *Compania Interamericana v. Compania Dominicana,* 88 F.3d 948, 951 (11th Cir.1996). The principal factors in determining whether a defendant has met the good cause standard of Rule 55(c) are (1) whether the default was the result of culpable conduct of the defendant, (2) whether the plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense. *Id.; accord, In re Dierschke,* 975 F.2d 181, 183 (5th Cir.1992). The Eleventh Circuit noted that:

> "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." However, if a party willfully defaults by displaying either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings in denying relief. *Shepard Claims Service, Inc. v. William Darrah & Associates,* 796 F.2d 190, 194–95 (6th Cir. 1986)

*Compania Interamericana,* 88 F.3d at 951–52.

■ In support of the motion to set aside the default, defendant's counsel states "Dr. Nalls was served with the complaint on December 1, 1995. Attached to the complaint was a motion for a temporary restraining order, preliminary injunction and other equitable relief" (Def. Motion, ¶ 1). Defendant's counsel states further that "Dr. Nalls did not understand the significance of the complaint. Additionally he changed counsel in the time between being served and the injunctive hearing" (Motion ¶ 5).[4]

---

1. The TRO was subsequently amended to include accounts maintained by Alberto Lazo and Fast Florida Investment, Inc. (D.E.13).

2. Defendant's original counsel filed a notice of appearance on December 11, 1995. He had been paid by check from a bank account that was the subject of plaintiff's motion to amend the TRO. When payment on the retainer check was stopped, he moved to withdraw. The court granted the motion, conditioned upon substitute counsel filing a notice of appearance. Substitute counsel Anthony M. Genova, Esq. filed a notice of appearance dated December 21, 1995.

3. Following the entry of the injunction, plaintiff served defendant with interrogatories and a request to produce documents. Defendant did not respond and plaintiff moved to compel (D.E. 23). Defendant did not respond to the motion to compel.

4. Conspicuously absent from defendant's motion to set aside default is any kind of affidavit from Dr. Nalls in support of any of the factual allegations of the motion. Moreover, defendant has provided the court with no citation to legal authority, save rule 55.

The summons in this action was addressed to Douglas Nalls. The summons states:

> You are hereby summoned and required to serve upon plaintiff's attorney Mark A. Lavine, AUSA, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable time after service.

The Court finds that defendant's claim of ignorance is contradicted by the plain language of the summons, which directs him to answer the summons. Accordingly, this Court finds that defendant's failure to answer the complaint is culpable. *Hunt v. Kling Motor Co.*, 841 F.Supp. 1098, 1106–07 (D.Kan.1993) ("courts hold that a defendant's conduct will be considered culpable only if the defendant has defaulted willfully, or has no excuse for the default. A defendant's conduct has been determined to be "culpable" if he has received actual or constructive notice of the filing of the action and failed to answer"), *motion to amend denied, affirmed,* 65 F.3d 178 (10th Cir.1995) (table).[5] Moreover, defendant has presented no meritorious defense at all.

THE COURT has considered the Motion, responses and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that defendant's motion to set aside default is DENIED.

---

5. The Court's finding that defendant's default was willful is borne out by an examination of the record. Following entry of the preliminary injunction, defendant did not file an answer, has ignored discovery requests, did not respond to plaintiff's motion to compel nor to plaintiff's motion for entry of final default judgment. There is also some indication that defendant may have initially attempted to avoid the effect of the TRO (see D.E. 12). These factors indicate, at the least, a reckless disregard for judicial proceedings. *See Compania Interamericana,* 88 F.3d at 952.