**LEADERSTAT, LLC, Plaintiff,**

v.

**Doris ABISELLAN a/k/a Doris Winningham, Defendant.**

**No. 8:06–cv–1337–T–23TGW.**

United States District Court, M.D. Florida, Tampa Division.

Jan. 24, 2007.

---

Joseph D. Garrity, Buckingham, Doolittle & Burroughs, LLP, Boca Raton, FL, for Plaintiff.

Jason H. Baruch, Trenam Kemker, Tampa, FL, Richard J. McIntyre, McIntyre, Panzarella, Thanasides, Eliff, P.L., Temple Terrace, FL, Lauren M. Levy, Ullman Bursa Hoffman & Ragano, Tampa, FL, for Defendant.

## *ORDER*

STEVEN D. MERRYDAY, District Judge.

Leaderstat, LLC ("the plaintiff") sues Doris Abisellan a/k/a Doris Winningham ("the defendant") for breach of contract, open account, and quantum meruit arising from two consulting agreements between the plaintiff and the defendant's business, Lakeside Heights Nursing Center, LLC ("Lakeside Heights"). Although the defendant is not a party to the consulting agreements, the complaint alleges that the defendant promised to guarantee all payments owed to the plaintiff under the agreements.

On October 25, 2006, the Clerk, upon motion by the plaintiff, entered default (Doc. 16) against the defendant for failure to answer. A November 16, 2006, order (Doc. 27) vacated the default for good cause and ordered the defendant to answer the complaint within twenty days. On December 7, 2006, the plaintiff moved (Doc. 33) for a second entry of default, which motion was granted by the Clerk on December 8, 2006 (Doc. 34). The plaintiff failed to move for a default judgment under Rule 55(b), Federal Rules of Civil Procedure. Claiming good cause for the delay, the defendant moves (Doc. 37) to vacate the Clerk's second entry of default. The plaintiff opposes the motion (Doc. 39).

The defendant's verified motion (Doc. 37) cites "numerous legal matters, deadlines[,] and other stressors" arising from both the defendant's bankruptcy proceeding and a first-filed action in Kentucky (also initiated by the plaintiff). The defendant's motion attests that, upon receiving the court's November 16, 2007, order (Doc. 27), the defendant attempted to retain her bankruptcy counsel, Trenam, Kemker, Scharf, Barkin, Frye, O'Neill, and Mullins ("Trenam Kemker") to represent her in this matter. However, upon review, Trenam Kemker declined representation because of a perceived conflict of interest. Following a brief search, the defendant retained the McIntyre Law Firm, which promptly contacted the plaintiff's

counsel in an unsuccessful attempt to stipulate to vacating the second Clerk's default. Finally, the motion assures the court that the defendant "has taken control of" all "collateral matters" and "will proceed with no further delay" (Doc. 37 at 4).

■ The decision to vacate a default is committed to the sound discretion of the court. Rule 55(c), Federal Rules of Civil Procedure, governs the vacating of an entry of default. Rule 55(c) provides that "[f]or good cause shown[,] the court may set aside an entry of default." The Eleventh Circuit explicitly recognizes that the standard to vacate a default is less stringent than the standard to vacate a default judgment. *E.E.O.C. v. Mike Smith Pontiac GMC, Inc.*, 896 F.2d 524, 527–28 (11th Cir.1990). "Good cause" is a lenient standard, though not devoid of substance. *Compania Interamericana Export– Import, S.A. v. Compania Dominicana De Aviacion*, 88 F.3d 948, 951 (11th Cir.1996). Relevant factors include (1) whether the default was willful, (2) whether vacating the default would prejudice the plaintiff, (3) whether the defendant presents a meritorious defense, and (4) whether the defendant acted promptly to vacate the default. *See Compania Interamericana*, 88 F.3d at 951. However, "these factors are not 'talismanic' ... [and w]hatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." *Compania Interamericana*, 88 F.3d at 951. "Where there are no intervening equities, any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Davis v. Parkhill–Goodloe Co.*, 302 F.2d 489, 495 (5th Cir.1962).

■ Nothing in the record evinces (and the plaintiff fails even to allege) the defendant's willful default in this case. On the question of prejudice, the plaintiff offers only the conclusory allegation of additional delay and expense, both of which necessarily accompany any (and every) vacating of an entry of default. The defendant's verified motion (Doc. 37) presents meritorious defenses to this action and emphasizes that the defendant signed each of the two consulting agreements, which are attached to the complaint, in her capacity as president of Lakeside Heights but not in her personal capacity. In response to the complaint's alleging the defendant's oral promise as a basis for liability, the defendant asserts the applicable statute of frauds. Finally, the defendant retained counsel and moved to vacate default within twenty-one days of the clerk's entry of default.

In view of the early stage of this litigation, the lack of any significant prejudice to the plaintiff, and the defendant's (1) lack of willfulness in failing to answer, (2) meritorious defenses to this action, and (3) promptness in moving to vacate the default, good cause exists to vacate the Clerk's default. Accordingly, the defendant's motion to vacate the default (Doc. 37) is **GRANTED** and the default is **VACATED**.

The defendant also moves (Doc. 37) to stay this action pending resolution of a first-filed suit (Doc. 37–2) in the circuit court of Campbell County, Kentucky ("the Kentucky action"), which alleges facts and seeks relief identical to the facts alleged and the relief sought in this action. The plaintiff opposes the motion (Doc. 39).

A district court may stay a case in light of an ongoing parallel action in state court. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). The decision to stay "is largely committed to the discretion of the district court," *Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 662, 98 S.Ct. 2552, 57 L.Ed.2d 504 (1978), and governed by "considerations of 'wise judicial administration, giving regard to conservation of judicial resources and comprehensive dispositions of litigation.'" *Colorado River*, 424 U.S. at 817, 96 S.Ct. 1236.

■ A district court should stay a case because of a concurrent state proceeding only under "exceptional circumstances." *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 15–19, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983); *Moorer v. Demopolis Waterworks and Sewer Bd.*, 374 F.3d 994 (11th Cir.2004). Considerations governing the existence of "exceptional cir-

cumstances" include (1) whether one court has assumed jurisdiction over property, (2) the inconvenience of the federal forum compared to the state forum, (3) the potential for piecemeal litigation, (4) which court obtained jurisdiction first, (5) whether federal or state law governs the action, and (6) the adequacy of the state court to protect the parties' rights. *Moses H. Cone Memorial Hospital,* 460 U.S. at 15–16, 23–27 103 S.Ct. 927. A district court should apply each factor "in a pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Memorial Hospital,* 460 U.S. at 21, 103 S.Ct. 927. A single factor may provide a compelling reason for the stay. *Moses H. Cone Memorial Hospital,* 460 U.S. at 16, 103 S.Ct. 927 (noting that the desire to avoid piecemeal litigation was the driving force behind abstention in *Colorado River*); *Moorer v. Demopolis Waterworks and Sewer Bd.,* 374 F.3d 994 (11th Cir.2004) ("One factor alone can be the sole motivating reason for the abstention.").

■ Because neither court has assumed jurisdiction over any property in this case, the first factor is neutral as to forum. As for the second factor, because the plaintiff is an Ohio corporation, neither forum is more (or less) convenient for the plaintiff. Although the defendant resides in Florida, the defendant requests a stay of this action and insists that the Kentucky action offers her a more convenient forum. Nearly all the facts alleged in the complaint transpired in Kentucky, and the defendant's business, Lakeside Heights, operates in Campbell County, Kentucky. The complaint reveals that most of the relevant witnesses and evidence are located in Kentucky. The second factor weighs in favor of a stay.

The third factor focuses on the avoidance of piecemeal litigation. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." *LaDuke v. Burlington Northern Railroad,* 879 F.2d 1556, 1559 (7th Cir.1989). The Kentucky action seeks identical relief under identical claims arising from identical facts as those alleged in this action (*i.e.,* the defendant's alleged breach of the two consulting agreements). Further, although this action presents the plaintiff's claims against only the defendant, the Kentucky action presents the plaintiff's claims against both the defendant and her business, Lakeside Heights. Because the plaintiff seeks to force the defendant to defend two identical lawsuits in two different forums at unnecessary inconvenience and expense, a distinct danger of oppressively duplicative, piecemeal litigation exists. The third factor weighs strongly in favor of a stay.

The fourth factor considers the sequence in which each court obtained jurisdiction and weighs the relative progress of the two actions. The Kentucky action commenced on April 7, 2006, over three months before the plaintiff filed this action on July 19, 2006. At this nascent stage, however, neither court has expended considerable time or effort in addressing the merits of the plaintiff's claims (for example, neither court has approved a case management schedule or authorized discovery). Because the Kentucky action obtained jurisdiction first, the fourth factor weighs slightly in favor of a stay.

The fifth factor turns on whether state or federal law governs the plaintiff's claims. The complaint asserts only state-law claims and raises no federal claim. Further, the complaint's five state-law claims implicate no federal or constitutional question. Responding to the defendant's request for a stay, the plaintiff concedes that "state law would govern the rules of decision rather than federal law" (Doc. 39 at 15). The fifth factor weighs in favor of a stay.

Finally, the sixth factor considers the adequacy of the state court proceeding to protect the parties' rights. Nothing in the record indicates that one forum can more adequately protect the parties' rights than another. The plaintiff concedes that "there does not appear cause to believe, one way or the other, that [the plaintiff's] rights would or would not be protected in the state proceeding" (Doc. 39 at 16). Both courts appear equally capable of protecting the parties' rights. The sixth factor is neutral as to forum.

### CONCLUSION

"Exceptional circumstances" warrant a stay in this case. A preponderance of the factors (especially the desire to avoid piecemeal litigation, the convenience of the Kentucky action, and the absence of any federal question) weigh strongly in favor of a stay. No factor weighs against a stay. Accordingly, a stay furthers "wise judicial administration," the conservation of judicial resources, and comprehensive disposition of litigation.

The defendant's motion to stay this case pending resolution of the Kentucky action is **GRANTED.** The Clerk is directed to **ADMINISTRATIVELY CLOSE** the case.