TRINITY AVIATION SERVICES,
LTD., Plaintiff–Appellee,

v.

Jose E. LOPEZ, d.b.a. Lopco Aviation,
Defendant–Appellant.

No. 15–12431

Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 3, 2016.

Richard Buckley, The Law Office of Buckley Correa, Weston, FL, for Plaintiff–Appellee.

Daniel Desouza, Desouza Law, PA, Fort Lauderdale, FL, for Defendant–Appellant.

Before WILSON, WILLIAM PRYOR and FAY, Circuit Judges.

PER CURIAM:

Appellee Trinity Aviation Services, Ltd. (Trinity) brought a diversity action based on Florida state law against appellant Jose E. Lopez.[1] Lopez did not respond to Trinity's complaint, leading to an entry of default. The district court then issued an order notifying Lopez that it would enter a final default judgment against him if he did not respond to the complaint and/or move to set aside the entry of default within a certain period of time. Lopez failed to take any action during the allotted time period. As a result, the court entered a final default judgment against him. Subsequently, Lopez moved the court to set aside the final default judgment, but the court denied Lopez's motion. Lopez now appeals the court's refusal to set aside the default judgment, arguing that the court erred in denying his motion because his failure to timely respond to Trinity's complaint and the district court's order was the result of excusable neglect. We are unconvinced.

"We reverse the district court's denial of a motion to set aside a default judgment only if the district court abused its discre-

---

1. As a threshold matter, this court previously issued a "jurisdictional question" to the parties based on the concern that Trinity's complaint did not sufficiently allege Lopez's citizenship to establish subject matter jurisdiction under 28 U.S.C. § 1332. After con-sideration of the parties' responses, we conclude that Trinity's complaint adequately pled Lopez's citizenship and we have subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

tion in denying the motion." *Fla. Physician's Ins. Co. v. Ehlers,* 8 F.3d 780, 783 (11th Cir.1993) (per curiam). A district court "may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)" of the Federal Rules of Civil Procedure. Fed. R.Civ.P. 55(c). Rule 60(b) provides that "the court may relieve a party ... from a final judgment" based on "excusable neglect." *Id.* 60(b). "The excusable neglect standard that courts apply in setting aside a default judgment is more rigorous than the good cause standard that is utilized in setting aside an entry of default." *EEOC v. Mike Smith Pontiac GMC, Inc.,* 896 F.2d 524, 528 (11th Cir.1990). "In order to establish ... excusable neglect, the defaulting party must show that: (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to reply to the complaint." *Ehlers,* 8 F.3d at 783.

Lopez has not shown that he had good reason for failing to timely respond to Trinity's complaint and the district court's order notifying him that he was at risk of an adverse final default judgment. Lopez attempts to meet his "good reason" burden by arguing that he did not respond to the complaint or order because he "mistakenly believed that he could work with Trinity's counsel ... and that doing so would take care of [this] dispute." However, this mistaken belief is not a "meaningful justification for engaging in the dilatory conduct which caused the default to be entered." *See Mike Smith Pontiac GMC,* 896 F.2d at 529. "Had [Lopez] desired the [district court] to consider the fact that settlement negotiations had precluded [him] from responding to the complaint, [he] should have raised the issue" with the court prior to the entry of the final default judgment. *Cf. id.* at 529 n. 5. Instead, Lopez took no

action to protect his interests, despite the district court providing him "ample opportunity" to do so. *See Compania Interamericana Exp.–Imp., S.A. v. Compania Dominicana de Aviacion,* 88 F.3d 948, 951–52 (11th Cir.1996) (holding that the appellants failed to show "good cause" where they were "given ample opportunity to comply with court orders but fail[ed] to effect any compliance"). "Such inaction demonstrates a lack of diligence" and supports a finding that Lopez did not have a "good reason" for his actions. *See Ehlers,* 8 F.3d at 783–84 (determining that the appellant "failed to establish good cause for his default" because the record showed that he did not act diligently). Accordingly, we cannot conclude that the district court abused its discretion in refusing to set aside the final default judgment against Lopez. *See id.*

In light of the foregoing, we affirm.

**AFFIRMED.**