[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15263
Non-Argument Calendar

_____

D.C. Docket No. 9:15-cv-80088-KLR

ANNON CONSULTING, INC.,

Plaintiff - Appellee,

versus

BIONITROGEN HOLDINGS CORP.,
BIO-SNG TECHNOLOGIES INTERNATIONAL CORP.,
BIONITROGEN FLORIDA HOLDINGS, LLC,
BIONITROGEN PLANT FL HENDRY LLC,
4A TECHNOLOGIES, LLC,

Defendants - Appellants,

BIONITROGEN BIOMASS SOURCING, LLC, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 27, 2016)

Before WILSON, ROSENBAUM, and EDMONDSON, Circuit Judges.


PER CURIAM:


Defendants appeal (1) the district court's denial of Defendants' motion to set aside the clerk's entries of default and (2) the district court's entry of default judgment against Defendants in favor of Annon Consulting, Inc. No reversible error has been shown; we affirm.

Briefly stated, Annon loaned $845,000 to Defendant BioNitrogen Holdings Corp. ("BioNitrogen"), pursuant to a written loan agreement. The loan was guaranteed by Defendants Bio-SNG Technologies International Corp., BioNitrogen Florida Holdings, LLC, BioNitrogen Plant FL Hendry, LLC, BioNitrogen Plant FL Hardee, LLC, BioNitrogen Biomass Sourcing, LLC, and B Group, LLC, and secured in part by Bio-SNG's pledged securities in Defendant 4A Technologies, LLC. BioNitrogen failed to repay the loan.

On 26 January 2015, Annon filed suit against Defendants, seeking to enforce the terms of the loan. After proper service, Defendants failed to respond to the complaint. The clerk of the court then entered default on 24 February (against all Defendants except 4A Technologies) and on 19 March (against 4A Technologies).

2

On 8 May 2015, Defendants filed a motion (which they later amended) to set aside the clerk's entries of default.  The district court denied Defendants' motion and later entered final default judgment against Defendants in excess of $1,188,000.  This appeal followed.

## I.

We first address Defendants' assertion that the district court erred in concluding that it had subject-matter jurisdiction based on diversity of citizenship.  Defendants argue that insufficient evidence exists to support the district court's factual determination that Annon is a "citizen" of Ontario, Canada.

We review for clear error the district court's jurisdictional factfindings about citizenship.  Travaglio v. Am. Express Co., 735 F.3d 1266, 1269 (11th Cir. 2013).  "A finding is clearly erroneous if the record lacks substantial evidence to support it."  Id.

For purposes of establishing diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."  28 U.S.C. § 1332(b).  The phrase "principal place of business" means "the place where a corporation's officers direct, control, and coordinate the

corporation's activities." Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2010). In practice, a corporation's principal place of business "should normally be the place where the corporation maintains its headquarters." Id.

Competent evidence supports the district court's finding that Annon is a "citizen" of Ontario, Canada for purposes of diversity-of-citizenship jurisdiction. In its well-pleaded complaint, Annon alleged both that it was organized under the laws of Ontario and that it had its principal place of business in Ontario.[1] These factual allegations are supported both by the Security Agreement (identifying Annon as "a corporation organized and existing under the laws of Canada") and a sworn declaration by Annon's sole director and general manager (testifying that Annon's place of incorporation and principal place of business are both Ontario, Canada).

About Annon's principal place of business, the record evidences that Annon is affiliated with a single address: in Toronto, Ontario, Canada. The record also demonstrates that Annon maintained a bank account with an Ontario branch of a Canadian bank and that Annon used this Ontario bank account to wire the pertinent loan proceeds to Defendants. Nothing in the record evidences that Annon's corporate activities were directed, controlled, or coordinated from a location other

---

[1] In general, "a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact." Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005) (quotations and alterations omitted).

4

than from Ontario, Canada.  On this record, the district court committed no clear error in determining that Annon is a citizen of Ontario, Canada.  Because Defendants are citizens of Florida, New Jersey, Delaware, and Texas, complete diversity exists and the district court exercised properly subject-matter jurisdiction.

## II.

We review for abuse of discretion a district court's denial of a motion to set aside an entry of default.  Jones v. Harrell, 858 F.2d 667, 669 (11th Cir. 1988).  We also review under an abuse-of-discretion standard the district court's entry of a default judgment.  Sanderford v. Prudential Ins. Co. of Am., 902 F.2d 897, 898 (11th Cir. 1990).

## A.

The district court may set aside an entry of default "for good cause shown." Fed.R.Civ.P. 55(c).  In determining what constitutes "good cause," courts have considered, but are not limited to, factors such as whether the default was willful, whether the defaulting party would have a meritorious defense, and whether setting aside the default would result in prejudice to the non-defaulting party.  See

Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacon, 88 F.3d 948, 951 (11th Cir. 1996).

The district court abused no discretion in denying Defendants' motion to set aside the clerk's entries of default.  First, Defendants deny that the default was willful and, instead, contend that the failure to answer the complaint was due solely to the mismanagement of litigation by Defendants' former CFO and President.

Contrary to Defendants' assertions of ignorance about the litigation, BioNitrogen's CEO testified that he was aware of the suit and that Defendants' former CFO -- together with Defendants' corporate counsel -- was attempting to effect a settlement with Annon.  Defendants' CEO also testified that he learned about the initial entry of default on 25 February and retained trial counsel to defend against Annon's suit.  The CEO understood, however, that Annon would take no further action until 10 March, allowing the parties to continue settlement negotiations.  Only after the parties failed to reach a settlement -- and after another nine days elapsed -- did the clerk enter default against the final Defendant.

By Defendants' own account, Defendants' failure to file an answer was due to litigation strategy: to effect a settlement and avoid proceeding with the litigation. Because Defendants knew of Annon's complaint and of the clerk's initial entry of default and still failed to file a responsive pleading, the default can be deemed willful.  See id. at 952 ("willfulness" may be shown when a party fails to comply

6

with court orders after having been given "ample opportunity" to do so, and requires no evidence of "flaunting an intentional disrespect for the judicial process").

Defendants have also failed to demonstrate a meritorious defense to suit. About Defendants' first asserted defense, we have already determined that the district court exercised properly subject matter jurisdiction over this case. Second, Defendants contend that the terms of the loan violate Florida's usury laws. But the pertinent loan documents provide expressly that they are governed by the laws of Ontario, Canada. And the record demonstrates sufficiently the existence of a "normal relationship" between Annon and Ontario, such that Ontario's usury laws govern, as agreed upon by the parties. For background, see Cont'l Mortg. Inv'rs v. Sailboat Key, Inc., 395 So. 2d 507 (Fla. 1981) (a "normal relationship" exists between a litigant and a jurisdiction when, among other things, the litigant's sole domicile and principal place of business are located within the jurisdiction and when the loan proceeds are disbursed from the jurisdiction). Because the loan terms are not violative of Ontario's usury laws, Defendants second asserted defense is also without merit.

Given these circumstances -- and because Annon would likely suffer prejudice as a result of the defaults being set aside -- the district court abused no discretion in denying Defendants' motion to set aside the clerk's entries of default.

B.

The district court also abused no discretion by entering a default judgment against Defendants.  Because the allegations in Annon's complaint -- admitted as true -- establish Defendants' liability under the loan documents, default judgment was appropriate.  See Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) (entry of default judgment is warranted when there exists "a sufficient basis in the pleadings for the judgment entered").

Moreover, because Annon's damages are capable of mathematical computation, the district court abused no discretion in granting default judgment without first conducting an evidentiary hearing.  See Fed.R.Civ.P. 55(b)(2)(B) (when entering a default judgment, "[t]he court may conduct hearings . . . when, to enter or effectuate judgment, it needs to . . . determine the amount of damages"); SEC v. Smyth, 420 F.3d 1225, 1231, 1232 n.13 (11th Cir. 2005) (no evidentiary hearing required under Rule 55(b)(2) when "the amount claimed is a liquidated sum or one capable of mathematical calculation.").

AFFIRMED.[2]

---

[2] In their appellate brief, Defendants also argue that the district court erred in applying a post-judgment interest rate in excess of the rate provided for in 28 U.S.C. § 1961.  Because Defendants failed to raise this argument in the district court, it is waived.  See Albra v. Advan, Inc., 490 F.3d 826, 828 n.1 (11th Cir. 2007).