**MICROSOFT CORPORATION, Plaintiff,**

v.

**YOUR SHOP ONLINE, LLC, et al., Defendants.**

**Case No. 0:16–cv–61568–UU**

United States District Court, S.D. Florida.

Signed 09/08/2016

Audra M. Mori, Perkins Coie, LLP, Los Angeles, CA, Aaron Stenzler Weiss, Carlton Fields Jorden Burt, P.A., Miami, FL, for Plaintiff.

Valerie Barton Barnhart, Kelley Kronenberg, P.A., Ft. Lauderdale, FL, for Defendant.

**ORDER**

Ursula Ungaro, UNITED STATES DISTRICT JUDGE

THIS CAUSE comes before the Court upon Defendant Donald Fallon's Motion to Set Aside Clerk's Default. D.E. 29.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised in the premises.

On July 19, 2016, Defendant, Donald Fallon ("Defendant"), was served with Plaintiff's Complaint. D.E. 9. As such, Defendant's response to Plaintiff's Complaint was due on August 9, 2016. Fed. R. Civ. P. 12(a)(1)(A)(i). However, Defendant failed to respond to Plaintiff's Complaint. On August 10, 2016, this Court issued her Order requiring the Clerk of Court to enter default against Defendant and ordered Plaintiff to move for final default judgment no later than Friday, August 26, 2016. D.E. 20. On August 25, 2016, Plaintiff filed its Motion for Final Default Judgment against Defendant. D.E. 24.

On September 2, 2016, Defendant filed his Motion to Set Aside Clerk's Default. D.E. 29. In his Motion, Defendant argues that as he was initially a *pro se* litigant, he was unaware of the procedural requirements to respond to a Complaint. After Defendant provided the Court's Order to his current counsel on August 29, 2016, his counsel filed their respective Notices of Appearance on that same day.

■ Federal Rule of Civil Procedure 55(c) states, "The court may set aside an entry of default for good cause[.]" In determining whether there is good cause to set aside an entry of default, the Eleventh Circuit Court of Appeals has recognized that courts properly consider: "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense[,]" in addition to determining "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." *Compania Interamericana Export–Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).

■ In reviewing Defendant's Motion, the Court is not satisfied that Defendant has made a proper showing of good cause to vacate the order of default under the Federal Rules. While Defendant includes a brief memorandum of law, Defendant fails to provide the Court with a thorough analysis as required under Rule 55(c). Further, in filing his Motion to Set Aside Default, Defendant fails to attach a proposed Answer and Affirmative Defenses to his Motion as required by the Federal Rules of Civil Procedure; therefore, the Court is unable to ascertain whether Defendant has viable and meritorious defenses in this action. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant Donald Fallon's Motion to Set Aside Clerk's Default (D.E. 29) is DENIED WITHOUT PREJUDICE. If Defendant intends to re-file his Motion to Set Aside Default, Defendant SHALL re-file his Motion in accordance with the deficiencies addressed in this Order by **Wednesday, September 14, 2016**.

DONE AND ORDERED in Chambers at Miami, Florida, this _8th_ day of September, 2016.