[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-11479
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cv-22225-KMM

ORGANIZACION MISS AMERICA LATINA, INC,

Plaintiff-Appellee,

versus

JUAN ARTURO RAMIREZ URQUIDI,
TEXAS PAGEANT PRODUCTIONS, LLC,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 4, 2017)

Before JULIE CARNES, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff-appellee Organizacion Miss America Latina, Inc. ("OMAL") brought suit in the Southern District of Florida against Appellants Juan Arturo Ramirez Urquidi (Ramirez) and Texas Pageant Productions, LLC ("TPP") for breach of contract and service mark infringement under the Lanham Act. See 15 U.S.C. § 1117. The district court entered a default judgment against Appellants. Appellants moved to set aside the default judgment, and the district court denied that motion. Appellants timely appealed to this court. Appellants raise three issues on appeal: (1) that the district court erred in refusing to set aside the default judgment; (2) that the district court lacked personal jurisdiction against TPP; and (3) that the district court erred in not holding an evidentiary hearing to determine damages.

We review the district court's refusal to set aside the default judgment under Rule 60 and hold an evidentiary hearing under Rule 55 for abuse of discretion. Fed. R. Civ. P. 55, 60. However, we review the issue of whether personal jurisdiction is present, even in a motion to set aside a default judgment, *de novo*. Oldfield v. Pueblo De Bahia Lora, S.A., 558 F.3d 1210, 1217 (11th Cir. 2009). We affirm in part and vacate in part.

## I.    Background

2

In 2013, Ramirez entered into a license agreement with OMAL to conduct local and state beauty pageants in Texas. This agreement was for 2013 and 2014. In 2015, Ramirez and OMAL entered into another agreement for the year 2015. Ramirez failed to pay the licensing fee in 2015 and the agreement was terminated by OMAL in early 2016. On February 23, 2016, Ramirez responded to an email from OMAL recognizing the termination of the agreement and promising to cease using OMAL's logos. On March 1, 2016, and March 22, 2016, OMAL sent additional demands that Appellants cease and desist using OMAL's trademarks. OMAL brought suit against Appellants on June 16, 2016.

On July 13, 2016, the clerk entered a default as to both defendants-appellants. On August 4, 2016, the court entered a default judgment against Appellants. On August 22, 2016, Appellants appeared via their attorney and subsequently filed a motion to set aside the default judgment. On March 28, 2017, the court denied the motion to set aside the default judgment against defendants-appellants.

## II. Motion to Set Aside Default Judgment

A court may "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). "The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of

3

the circumstances." Sloss Indus. Corp. v. Eurisol, 488 F.3d 922, 934 (11th Cir. 2007). Additionally, if the court finds that a party "display[ed] either an intentional or reckless disregard for the judicial proceedings, the court need make no other findings" before denying the motion to set aside a default judgment. Compania Interamericana Export-Import v. Compania Dominicana de Aviacion, 88 F.3d 948, 951–52 (11th Cir. 1996).

The court below found that Ramirez had "received several written demands" from OMAL, and that he had "agreed to cease and desist" in an email Ramirez sent to OMAL on February 23, 2016. The court further found that Ramirez had "frequent engagement with Plaintiff" prior to OMAL filing the lawsuit. This frequent engagement prior to the lawsuit led the court to conclude that Ramirez "was being intentionally evasive in failing to respond in a timely fashion to the complaint." Therefore, the court found that Appellants acted with reckless disregard for the judicial proceedings.

Appellants argue that the court abused its discretion in relying on "opposing counsel's self-serving statements" and that Ramirez's "only fault was an inability to organize a defense timely enough to respond to the Complaint." However, the lower court has wide discretion in deciding whether to grant or deny a motion to set aside a default judgment. The lower court acted within its discretion in finding that Appellants was intentionally evasive and that his evasiveness amounted to

reckless disregard for the judicial proceedings.  Appellants further argue that the court abused its discretion by not properly evaluating his defense that the contract he entered into with OMAL was actually a franchise rather than a license. However, once the court found that Appellants demonstrated a reckless disregard for the judicial proceedings, it "need make no other findings" before denying the motion to set aside the default judgment. Compania Interamericana, 88 F.3d at 952. Because the court acted well within its discretion in finding that Appellants exhibited reckless disregard for the judicial proceedings, it did not abuse its discretion in denying the motion to set aside the default judgment.

### III. Personal Jurisdiction over TPP

In order to constitutionally exercise personal jurisdiction over a defendant, the defendant must "have certain minimum contacts" with the forum state. Int'l Shoe Co. v. Wash., 66 S. Ct. 154, 158 (1945). The district court held that "personal jurisdiction over TPP is valid because Ramirez is a member of the LLC."

Appellants argue that there is no connection between TPP and Florida, the forum state. They point out that TPP never signed a contract with OMAL, and that any alleged infringement upon OMAL's trademarks by TPP occurred in Texas, not Florida. Appellants further contend that Ramirez's membership in TPP makes TPP a resident of Texas (the residence of Ramirez) but does not expose TPP to suit in Florida simply because a member of the LLC signed a contract in that state.

5

OMAL argues that through the "agency relationship [between Ramirez and TPP], TPP had sufficient contacts with Florida to bring it within this Court's jurisdiction." OMAL quotes Florida's statute enumerating actions through which a person, acting personally or as agent for another, "submits himself . . . to the jurisdiction of the courts of [Florida]." Fla. Stat. § 48.193(1)(a). OMAL argues that TPP, "on whose behalf Ramirez did any of the enumerated acts, submitted itself to the jurisdiction of Florida courts." However, OMAL does not specifically allege any acts undertaken by Ramirez on behalf of TPP that fall within that statute. Moreover, TPP never signed a contract with OMAL and is never mentioned in the communications between Appellants and OMAL.

We agree with Appellants that the lower court applied the wrong standard in evaluating personal jurisdiction over TPP. Ramirez, acting as an individual, does not, without more, subject TPP to the personal jurisdiction of Florida courts. We have established in the context of diversity jurisdiction that a "limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP v. Comcast, 374 F.3d 1020, 1022 (11th Cir. 2004). Ramirez is a citizen of Texas and is the only member of TTP; therefore, TTP is a citizen of Texas. The instant record does not establish that TPP is a citizen of Florida and OMAL has not alleged any specific activities TPP has performed (or that Ramirez

has performed on behalf of TPP) that would expose it to the jurisdiction of Florida courts. The lower court erred in holding that it had personal jurisdiction over TPP.

### IV. Refusal to Hold Evidentiary Hearing

We review the district court's decision not to hold an evidentiary hearing on damages for abuse of discretion. Holding an evidentiary hearing after a default judgment is governed by Rule 55. Fed. R. Civ. P. 55(b). We have held that, despite Rule 55's permissive language, "judgment of default awarding cash damages [can] not properly be entered 'without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation.'" Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543 (11th Cir. 1985) (quoting United Artists Corp. v. Freeman, 605 F.2d 854, 857 (5th Cir. 1979)). The district court imposed damages without holding an evidentiary hearing.

On appeal, Appellants contend that "damages under the Lanham Act . . . are generally neither liquidated nor capable of ascertainable mathematical calculation" and so an evidentiary hearing was required in this case. OMAL responds that they "elected to recover an award of statutory damages" that was calculable. Specifically, OMAL alleged forty counterfeit imitations under the Lanham Act, and the statutory damage amount was multiplied by the forty violations to reach the total award amount of $2,160,000.00.

7

Significantly, Appellants failed to respond to OMAL's motion for entry of default final judgment, thus failing to respond to OMAL's requested damages, which the district court adopted.[1] Moreover, we agree with OMAL that the damages in this case were capable of mathematical calculation. The statutory damages chosen by the judge were an ascertainable value per violation, simply multiplied by the number of violations. Appellants challenge neither number even on appeal. Additionally, the damages for breach of contract were ascertainable – i.e. the money not paid by Appellants or wrongly collected by Appellants. In both of these damage awards the amounts were capable of mathematical calculation. The lower court did not abuse its discretion in refusing to hold an evidentiary hearing on damages.

## V. Conclusion

Based on the foregoing, the district court's denial of the motion to vacate the default judgment is affirmed, as is the district court's decision not to hold an evidentiary hearing on damages. However, the district court's judgment against TPP is vacated for lack of personal jurisdiction, The case is remanded to the district court for further proceedings not inconsistent with this opinion.

**AFFIRMED IN PART, VACATED IN PART, AND REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.**

---

[1] Appellants did not challenge OMAL's requested damages until they later filed their "motion to set aside Final Default Judgment," and even then they did not request an evidentiary hearing.

8