[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-14738
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-60235-KAM,
Bkcy No. 13-bkc-1280-JKO

In Re: LILLIANNE MARIE LORENZO,

Debtor.

_____

LILLIANNE LORENZO,

Plaintiff-Appellant,

versus

WELLS FARGO BANK, N.A.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 4, 2015)

Before ED CARNES, Chief Judge, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Lillianne Marie Lorenzo appeals the district court's affirmance of the bankruptcy court's orders and its judgment denying her discharge.

I.

Lorenzo was the sole shareholder and president of three aircraft maintenance companies: Air Carrier, ACAS-Denver, and ACAS-Landing Gear Services. She also owned three holding companies, whose purpose was to maintain ownership of land where the maintenance companies' shops were located. The maintenance companies guaranteed the mortgage debts of the land-holding companies.

Wells Fargo Bank sued Lorenzo and her companies in state court on those mortgage debts. During that state court litigation, in a fit of anger, Lorenzo used a hammer to smash a computer server containing some of Air Carrier's financial records. She claims several other computers that contained financial records for Air Carrier and ACAS-Denver simply disappeared. Lorenzo also indiscriminately shredded most of Air Carrier's paper records. In July 2012 Wells Fargo obtained a multimillion-dollar judgment against Lorenzo, Air Carrier, and ACAS-Denver on its mortgage-debt claims.

During this period, Lorenzo's own finances were in disarray. She used money from Air Carrier's accounts to pay her personal debts and living expenses.

2

On September 5, 2012, Lorenzo filed for Chapter 7 bankruptcy.[1]  On March 29, 2013, Wells Fargo filed a complaint initiating an adversary proceeding against Lorenzo and seeking denial of Lorenzo's bankruptcy discharge on the grounds that Lorenzo had (1) destroyed business records that provided important details about her finances; (2) made false oaths about accounts and property she owned; and (3) attempted to conceal her ownership of real estate.

Lorenzo sought to settle the case, but Wells Fargo declined her offer. Meanwhile, Lorenzo's lawyer requested a $5,000 retainer, with an additional $5,000 due later, to represent her in the adversary proceeding.  The deadline for responding to the complaint came and went, and Lorenzo had neither retained her lawyer nor filed an answer.  Wells Fargo moved for a default.  See Fed. R. Bankr. P. 7055; Fed. R. Civ. P. 55(a).  Only then did Lorenzo pay her attorney's retainer. A week after the answer deadline, Lorenzo filed a motion requesting an extension of time to answer the complaint.  The bankruptcy court denied that motion and entered a default against Lorenzo.  Eleven days after the default was entered, Lorenzo — acting through new counsel — finally filed an answer.  She then moved to vacate the default.  The bankruptcy court denied Lorenzo's motion and, after a hearing, entered default judgment in favor of Wells Fargo.

---

[1] Each of her companies has separately filed a bankruptcy petition as well, but those petitions are not the subject of this appeal.

3

Lorenzo appealed the entry of default, the denial of her motion to vacate the entry of default, and the entry of judgment. The district court affirmed. This is Lorenzo's appeal.

II.

Lorenzo raises two contentions on appeal: first, that the bankruptcy court abused its discretion when it denied her motion to set aside the entry of default against her; and, second, that the bankruptcy court erred by entering the default judgment itself against her.[2]

A.

Lorenzo first contends that the bankruptcy court erred when it denied her motion to set aside the entry of default against her.[3] A bankruptcy court, like a district court, "may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c); see also Fed. R. Bankr. P. 7055 (making Rule 55 applicable in adversary bankruptcy proceedings). We review the denial of a motion to set aside an entry of

---

[2] Lorenzo lists in her statement of issues a third issue — whether the bankruptcy court erred by denying her an extension to file an answer — but her brief contains no argument on that issue. Accordingly she has abandoned it. See Sapuppo v. Allstate Floridian Ins. Co., 739 F.3d 678, 681 (11th Cir. 2014) ("A party fails to adequately 'brief' a claim when he does not plainly and prominently raise it, for instance by devoting a discrete section of his argument to those claims.").

[3] Lorenzo also contends that Wells Fargo's service was defective because Wells Fargo served the complaint on her, not on her counsel. She did not raise that argument in the bankruptcy court, instead raising it for the first time on appeal to the district court. She has therefore waived it. See Formby v. Farmers & Merchants Bank, 904 F.2d 627, 634 (11th Cir. 1990) ("As a general rule, an appellate court will not consider a legal issue or theory raised for the first time on appeal.") (internal quotation marks omitted).

4

default only for an abuse of discretion.  See Jones v. Harrell, 858 F.2d 667, 668–69 (11th Cir. 1988).  "[G]ood cause" is "not susceptible to a precise formula," and so courts have considered numerous factors to determine whether a litigant has shown good cause to set aside an entry of default.  See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996).  Those factors include (1) whether the defaulting party presented a meritorious defense to the suit; (2) whether the failure to act was willful; (3) whether the non-defaulting party would suffer prejudice as a result of the default being set aside, (4) whether the public interest is implicated, (5) whether the defaulting party suffered significant financial loss, and (6) whether the defaulting party acted promptly to correct the default.  See id.  These factors are not "talismanic," and the goal behind them is to identify whether circumstances "warrant the finding of good cause to set aside [an entry of] default."  Id.  Courts have found the lack of a meritorious defense particularly important in assessing whether good cause exists to set aside an entry of default.  See Shepard Claims Serv., Inc. v. William Darrah & Assocs., 796 F.2d 190, 194–95 (6th Cir. 1986) (noting that a court may "refuse to set aside [an entry of] default[] where the defaulting party has no meritorious defense . . . or where the defendant offers no excuse at all for the default.").  This makes good sense:  If a defendant can offer no

5

meritorious defense to a claim, litigating that claim is just a longer road to the same destination reached by the entry of default.

Here, the bankruptcy court determined that Lorenzo's defense to Wells Fargo's claim lacked merit. Wells Fargo claimed that Lorenzo's discharge should be denied because, among other reasons, Lorenzo deliberately destroyed some of Air Carrier's financial records and failed to preserve others. Under 11 U.S.C. § 727(a)(3), a discharge may be denied if "the debtor has . . . destroyed, mutilated, . . . or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act . . . was justified under all of the circumstances of the case."

Lorenzo's defense to that claim is that a different subsection, § 727(a)(7), applies instead. That subsection allows a bankruptcy court to deny a debtor's discharge only if the debtor destroyed records in the last year. Id. Lorenzo asserts that she destroyed Air Carrier's records more than a year before she filed her petition. If § 727(a)(7) applies, then Lorenzo's destruction of Air Carrier's documents would fall outside that one-year period and thus would not be a ground for denying her discharge. But § 727(a)(7) and its one-year limitation apply to activities taken "in connection with another case . . . concerning an insider." (Emphasis added.) In this case, Lorenzo admittedly destroyed a computer server

6

that held some of Air Carrier's financial records, mysteriously lost several other computers containing other records, and indiscriminately shredded most of the closely held company's paper records. The records she destroyed and lost detailed Air Carrier's finances, including payments Lorenzo made using Air Carrier's money to cover her personal expenses. Those missing and destroyed records would have shed light on her financial condition. See 11 U.S.C. § 727(a)(3). Regardless of whether the records might also be applicable "in connection with another case . . . concerning" her closely held company, see id. § 727(a)(7), they were records "from which [Lorenzo's] financial condition or business transactions might be ascertained," see id. § 727(a)(3). The bankruptcy court applied the correct provision.

And under that provision, Lorenzo's reason for destroying the records does not show that the "act was justified under all the circumstances of the case." Id. Lorenzo explained that she smashed the computer server with a hammer because she was "upset" and "mad." That is no justification for destroying records. The bankruptcy court did not abuse its discretion when it determined her defense lacked merit. Because her defense lacked merit, setting aside the entry of default and litigating the adversary proceeding on its merits would simply waste judicial resources to reach exactly the same result.

7

The bankruptcy court also found that Lorenzo's failure to timely answer Wells Fargo's complaint was willful.  She and her counsel had been aware of the complaint and the deadline for answering it — indeed, she asked her counsel to settle the case, but Wells Fargo rejected her settlement offer.  Lorenzo then failed to pay her counsel's retainer until after Wells Fargo had already moved for an entry of default.  Under those circumstances, the bankruptcy court did not abuse its discretion in finding her failure to answer willful, and so that factor also weighs against setting aside the entry of default.

The bankruptcy court based its decision that good cause to set aside the entry of default did not exist primarily on its findings of willfulness and the lack of a meritorious defense.  That was not error.  See Compania Interamericana, 88 F.3d at 951; Shepard Claims Serv., 796 F.2d at 194–95.  Under all of the circumstances the bankruptcy court did not abuse its discretion when it found no good cause existed to set aside the entry of default and denied Lorenzo's motion.  See Fed. R. Civ. P. 55(c); Fed. R. Bankr. P. 7055.

### B.

Lorenzo next argues that the bankruptcy court erred when, based on the entry of default against her, it entered default judgment against her.  We review the entry of default judgment only for an abuse of discretion.  Sanderford v. Prudential Ins. Co. of Am., 902 F.2d 897, 898 (11th Cir. 1990).

8

When she defaulted, Lorenzo "admit[ted] the plaintiff's well-pleaded allegations of fact." See Nishimatsu Constr. Co., Ltd. v. Hous. Nat. Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[4] Default judgment was therefore appropriate if the facts in the complaint, accepted as true, formed a sufficient basis for the entry of judgment against Lorenzo. See id.

In its complaint initiating the adversary proceeding, Wells Fargo alleged that Lorenzo had destroyed electronic and paper business records for Air Carrier. It further alleged that some of those records detailed transactions in which Air Carrier funds were used to pay Lorenzo's personal expenses. Because only a "scarce few written records" remained, Wells Fargo alleged that it was not possible to ascertain Lorenzo's true financial condition or trace her business transactions. Those allegations, admitted as true, meet the requirements of 11 U.S.C. § 727(a)(3) for denying Lorenzo a discharge — namely, they show that Lorenzo "destroyed [and] . . . failed to keep and preserve . . . recorded information . . . from which the debtor's financial condition or business transactions might be ascertained."[5] The

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

[5] Wells Fargo also offers two other reasons for denying Lorenzo's discharge under § 727(a) — namely that she made false oaths and that she attempted to conceal her ownership of real estate. We need not address those reasons because § 727(a) is disjunctive, so satisfying any of its twelve subsections is sufficient reason to deny a debtor's discharge. See 11 U.S.C. § 727(a); id. § 727(a)(11) (making the subsections disjunctive).

bankruptcy court therefore did not abuse its discretion when it granted default judgment to Wells Fargo.

**AFFIRMED**.