[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13938
Non-Argument Calendar

_____

D.C. Docket No. 0:14-cv-60564-WJZ

ERIC WATKINS,

Plaintiff-Appellant,

versus

CENTRAL BROWARD REGIONAL PARK,
Managers and Co-Workers,

Defendant,

DUNKIN FINCH,
3700 NW 11th Place
Lauderhill, FL 33311
Central Broward Regional Park Manager,
MERYL MISHNOFF,
3700 NW 11th Place
Lauderhill, FL 33311,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 3, 2020)

Before JORDAN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Eric Watkins, proceeding *pro se*, appeals following the final judgment in his

42 U.S.C. § 1983 action against Broward County park manager Duncan Finch,

parks employee Meryl Wishnoff, and Officer J. Manchola of the Lauderhill Police

Department, alleging violations of his First Amendment right to free speech and his

Fourteenth Amendment rights to equal protection and due process.[1]  Watkins's

claims arise from two incidents where he was removed and subsequently banned

from a park after loudly and repeatedly singing a song with lyrics advocating

violence against gay people. The first incident occurred in May 2013, and the

second in April 2014.[2]

On appeal, Watkins challenges five decisions from the proceedings below.

First, he challenges a magistrate judge's order setting aside an entry of default

_____

[1] In his various amended complaints filed in the district court, Watkins misspelled
Appellee Finch's first name as "Dunkin" and Appellee Wishnoff's last name as "Mishnoff."

[2] We assume the parties are familiar with the background of this case, and we discuss the
proceedings and facts only insofar as necessary to provide context for our decision.

2

against Manchola. Second, Watkins argues the district court erred when it concluded that his First Amended Complaint failed to state a claim against Manchola. Third, he argues the district court abused its discretion in denying his motion to set aside the dismissal of the claims against Manchola based on newly discovered evidence. Fourth, Watkins argues the district court erred in concluding that Finch and Wishnoff were entitled to qualified immunity as to the First Amendment claims against them. Finally, Watkins argues the district court erred in concluding that Finch was entitled to qualified immunity as to the due-process and equal-protection claims against him. Manchola argues we lack jurisdiction to consider Watkins's arguments regarding the default and motion to set aside because his notice of appeal was sufficient to challenge only the dismissal of the claims against him and the grants of summary judgment.

After careful review of the record and the parties' briefs, we affirm. We first address Manchola's jurisdictional argument and then turn to the merits of Watkins's claims.[3]

## I. JURISDICTION

Federal Rule of Appellate Procedure 3 requires that a notice of appeal "designate the judgment, order, or part thereof being appealed." Fed. R. App. P.

---

[3] Watkins also moves for leave to file a second reply brief, which he submitted with his motion. His motion is GRANTED, and we have considered his second reply brief in deciding this appeal.

3(c)(1)(B).  However, an appeal from a final judgment brings up for review all preceding non-final orders producing the judgment.  *Kong v. Allied Prof'l Ins. Co.*, 750 F.3d 1295, 1301 (11th Cir. 2014).  Here, we have jurisdiction to review all the orders Watkins challenges on appeal.  His notice of appeal was from the final judgment in this case, so it brought up for review all preceding non-final orders.  Having concluded we have jurisdiction over all of the challenged orders, we turn to Watkins's substantive arguments on appeal.

## II.  ISSUES ON APPEAL

### A.  *Motion to Set Aside Default*[4]

We review a ruling on a motion to set aside default for an abuse of discretion.  *See Compania Interamericana Exp.–Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996).  "A district court abuses its discretion if it applies an incorrect legal standard, applies the law in an unreasonable or incorrect manner, follows improper procedures in making a determination, or makes findings of fact that are clearly erroneous."  *Surtain v.*

---

[4] Contrary to Watkins's assertion, Manchola has not conceded this issue by failing to address it in his response brief.  Watkins bears the burden on appeal to show that the judgment below should be reversed, and this Court can affirm on any ground supported by the record. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 680 (11th Cir. 2014); *Kernel Records Oy v. Mosley*, 694 F.3d 1294, 1309 (11th Cir. 2012).  Manchola's failure to respond to the merits of this issue does not automatically entitle Watkins to reversal.

4

*Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015) (quotation marks omitted).

We note, as an initial matter, that Watkins appears to have waived any review of this issue by failing to file a timely objection to the magistrate judge's order granting Manchola's motion to set aside default. Where a magistrate judge issues an order deciding a non-dispositive pretrial matter, a party may serve and file objections to the order within 14 days of being served the order. Fed. R. Civ. P. 72(a). When a party fails to do so, he cannot challenge the magistrate judge's order on appeal. *Smith v. Sch. Bd. of Orange Cty.*, 487 F.3d 1361, 1365 (11th Cir. 2007); *see also* Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected to.").

Here, the magistrate judge vacated the default on November 10, 2014, but Watkins did not file objections to that order until March 23, 2015. Because Watkins failed to timely object to the magistrate judge's order, he waived his right to appellate review of that order.

In any case, we note the magistrate judge did not abuse his discretion in granting Manchola's motion. A district court may set aside an entry of default if good cause is shown. Fed. R. Civ. P. 55(c). "'Good cause' is a mutable standard, varying from situation to situation," but generally, courts consider the following: (1) whether the default was culpable or willful; (2) whether setting aside the

5

default would prejudice the adversary; and (3) whether the defaulting party has a meritorious defense. *Compania Interamericana*, 88 F.3d at 951 (quotation marks omitted).

The magistrate judge reasoned that all three of these factors weighed in favor of granting Manchola's motion to set aside default. Manchola explained in his motion that his failure to timely respond to Watkins's First Amended Complaint was due to some confusion about the police department's internal procedure for responding to legal complaints against individual officers. While Watkins points out that nothing in official department policy prevented Manchola from timely responding to the First Amended Complaint on his own, the magistrate judge's finding that Manchola's default was not willful was not unreasonable. As to the second two factors, the magistrate judge found that Watkins would not have been prejudiced by vacating the default and that Manchola had a meritorious defense to the First Amended Complaint, and Watkins does not specifically challenge those findings on appeal.

B. *Dismissal of Watkins's First Amended Complaint Against Manchola*

Next, we address whether the district court erred in concluding that Watkins's First Amended Complaint failed to state a claim against Manchola. In addition to generally arguing the district court erred in assessing the allegations in the First Amended Complaint, Watkins enumerates several procedural errors with

6

respect to this ruling.  Specifically, he argues the district court (1) failed to consider his response to the motion to dismiss and a declaration attached thereto, and (2) did not allow him the opportunity to further amend his complaint prior to dismissal.

We review *de novo* a dismissal for failure to state a claim upon which relief may be granted, "accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff."  *Leib v. Hillsborough Cty. Pub. Transp. Comm'n*, 558 F.3d 1301, 1305 (11th Cir. 2009).  To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  However, "naked assertion[s] devoid of further factual enhancement" or "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted).  In order to prevail on a civil rights action under 42 U.S.C. § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law.  *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999).

Watkins's First Amended Complaint alleged Manchola violated his rights under the First Amendment and the Fourteenth Amendment's Equal Protection Clause when he ordered Watkins to leave the park.  As to the First Amendment claim, the First Amended Complaint alleged that Manchola, a police officer, told

7

Watkins that he was being ordered to leave the park because the park manager, Finch, no longer wanted him there. The face of the First Amended Complaint therefore established Manchola's actions were motivated by the park manager's trespassing complaint, not Watkins's speech. *See Nieves v. Bartlett*, 139 S. Ct. 1715, 1722 (2019) (stating that to state a First Amendment retaliation claim, a plaintiff must establish, among other things, a causal connection between the retaliatory actions and the speech—i.e., that the defendant's retaliatory motive was the cause of the constitutional deprivation); *see also Zatler v. Wainwright*, 802 F.2d 397, 401 (11th Cir. 1986) ("[S]ection 1983 requires proof of an affirmative causal connection between the official's acts or omissions and the alleged constitutional deprivation.")

As for Watkins's equal-protection claim, he did not allege that the police had received complaints about any of his proffered comparators, so he failed to plead that anyone else was sufficiently similarly situated to state a class-of-one claim. *See Griffin Indus. v. Irvin*, 496 F.3d 1189, 1201 (11th Cir. 2007) (noting that under a "class of one" theory, a plaintiff must show that (1) he "has been intentionally treated differently from others similarly situated," and (2) "there is no rational basis for the difference in treatment" (quotation marks omitted)).

Moving on to the procedural issues Watkins has identified, we first note that it was not error for the district court to decline to consider factual statements in

Watkins's response to the motion to dismiss or the declaration attached thereto. Watkins argues he merely sought to "add[] necessary facts in support of his allegations" and "clarify" the facts alleged in the First Amended Complaint. But the district court's review at the motion-to-dismiss stage was limited to the face of the complaint.

As to Watkins's assertion he should have been permitted to amend his complaint with respect to the allegations against Manchola, he never actually sought leave from the district court to do so, at least prior to the dismissal of the claims against Manchola.[5] To the extent Watkins argues the district court should have construed his additional filings as a motion to amend his complaint or otherwise provided him an opportunity to amend his complaint *sua sponte*, we cannot say the district court abused its discretion in declining to do so. *See Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("We review for abuse of discretion a district court's denial of a motion to amend.").

While it generally is true that "where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice," we have

---

[5] The only formal motion for leave to amend Watkins filed prior to the dismissal of the claims against Manchola sought to allege additional claims only against "Finch and the Central Broward regional park."

9

held that a district court need not allow amendment where, among other things, "amendment would be futile." *Id.* (quotation marks omitted and alterations adopted). None of the "clarify[ing]" facts in Watkins's subsequent filings or briefs would have cured the fatal defects in the First Amended Complaint we identified above. Thus, any amendment with regard to the First Amendment or equal-protection claims against Manchola would have been futile.[6]

Accordingly, we conclude Watkins's First Amended Complaint failed to state a claim against Manchola, and we affirm the dismissal of the claims against Manchola.

### C. Motion to Set Aside Dismissal

We next address Watkins's argument that the district court abused its discretion in denying his motion to reopen the claims against Manchola based on newly discovered evidence, which the district court construed as a motion pursuant to Fed. R. Civ. P. 60(b).

We review the denial of a Rule 60(b) motion for an abuse of discretion. *Am. Bankers Ins. Co. of Fla. v. Nw. Nat'l Ins. Co.*, 198 F.3d 1332, 1338 (11th Cir. 1999). "[T]o overturn the district court's denial of [a Rule 60(b) motion], it is not

---

[6] Watkins also argues he should have been permitted to amend his complaint to add due-process claims against Manchola, but such a claim would suffer from the same flaw we have identified with respect to his First Amendment claim: the First Amended Complaint establishes it was Finch, not Manchola, who made the decision to ban Watkins from the park. As such, any such amendment would be futile. *See Bryant*, 252 F.3d at 1163

10

enough that a grant of the motion[] might have been permissible or warranted; rather, the decision to deny the motion[] must have been sufficiently unwarranted as to amount to an abuse of discretion." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984).

Here, the district court denied Watkins's request on three grounds: (1) it was filed outside the one-year deadline for filing such motions under Rule 60(b)(c); (2) any effort to amend the allegations against Manchola would be futile; and (3) he failed to comply with a local rule requiring him to confer with opposing counsel prior to filing any motion. Watkins does not challenge one of these grounds—his failure to comply with a local rule—on appeal, so he has abandoned the issue. *See Sapuppo*, 739 F.3d at 680 ("When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed.").

D. *First Amendment Claims Against Finch and Wishnoff*

We next turn to the grant of summary judgment as to the First Amendment claims against Finch and Wishnoff. The district court concluded both Finch and Wishnoff were entitled to qualified immunity because they were acting within their

11

discretionary authority and did not violate any clearly established constitutional right of which a reasonable person would have been aware.[7]

We review *de novo* a grant of summary judgment based on qualified immunity, applying the same standards as the district court. *Durruthy v. Pastor*, 351 F.3d 1080, 1084 (11th Cir. 2003). Issues of material fact are resolved in the plaintiff's favor and, under that version of the facts, the legal question of whether the defendant is entitled to qualified immunity is determined. *Id.*

Qualified immunity is an affirmative defense entitling a government actor to avoid litigation where he or she was engaged in discretionary conduct that did not violate clearly established statutory or constitutional rights of which a reasonable person would have been aware. *Koch v. Rugg*, 221 F.3d 1283, 1294 (11th Cir. 2000). Once a defendant establishes he "was acting within the scope of his discretionary authority," the "burden shifts to the plaintiff to establish that qualified immunity is not appropriate" by showing that (1) "the defendant violated [his] constitutional rights," and (2) "at the time of the violation, those rights were clearly established . . . in light of the specific context of the case, not as a broad general proposition." *Gaines v. Wardynski*, 871 F.3d 1203, 1208 (11th Cir. 2017)

---

[7] Watkins's Second Amended Complaint—the operative complaint for purposes of the relevant summary judgment motions—only alleged claims against Wishnoff. That is, it did not repeat the claims against Finch from the First Amended Complaint, and Watkins arguably abandoned those claims. However, considering Watkins's *pro se* status, we, like the district court, assume Watkins intended to incorporate the facts and claims pertinent to Finch in his Second Amended Complaint.

12

(quotation marks omitted).  A constitutional right is clearly established if "it would have been clear to a reasonable officer that his conduct was unlawful in the situation he confronted."  *Vinyard v. Wilson*, 311 F.3d 1340, 1350 (11th Cir. 2002) (quotation marks and emphasis omitted).

Here, the district court did not err in concluding that Finch and Wishnoff were entitled to qualified immunity as to his First Amendment claims.  Watkins does not dispute that both Finch and Wishnoff were acting within the scope of their discretionary authority when they acted to have him removed and banned from the park.  As a result, to overcome qualified immunity, Watkins bears the burden to demonstrate that they violated a clearly established constitutional right.  *See Gaines*, 871 F.3d at 1208.

Watkins has failed to meet this burden for two reasons.  First, Finch offered an alternative, lawful basis for the decision to remove and ban Watkins from the park; one based on Watkins's conduct rather than the content of the song he chose to sing.  In a sworn declaration, Finch stated he had received complaints from other park patrons and employees that Watkins had been screaming, yelling, or ranting at them, and he discussed those complaints with the other employees, including Wishnoff.[8]  Watkins failed to offer contrary evidence creating an issue of material

---

[8] Although Watkins disputes the facts of those complaints and asserts they are hearsay, the complaints were offered only to show why Finch and Wishnoff responded the way they did to Watkins's actions—that is, to establish they had reasons other than the content of the song for

fact as to this asserted basis for his removal, one that does not implicate his First Amendment rights, clearly established or otherwise.

Second, even assuming the content of Watkins's speech—and not his disorderly conduct—was the basis for his removal, a reasonable official could have believed, under the circumstances of this case, that Watkins's speech constituted unprotected intimidation. The First Amendment does not protect "true threats," which are "statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *See Virginia v. Black*, 538 U.S. 343, 347–48, 359–60 (2003) (noting the First Amendment does not protect "true threats," including acts of "[i]ntimidation" where the speaker intends to place the listener in fear of bodily harm or death).

The lyrics Watkins was singing advocated violence against gay people, and Watkins admitted that he sang that song to deter gay people from being around him. Under these specific circumstances, and given the ambiguity as to whether Watkins's speech was indeed protected, we cannot say that "every objectively reasonable government official facing the circumstances would know that the

---

banning Watkins. As such, the complaints served a non-hearsay purpose and we need not concern ourselves with the veracity of the complaints themselves. *United States v. Rivera*, 780 F.3d 1084, 1092 (11th Cir. 2015) ("Generally, an out-of-court statement admitted to show its effect on the hearer is not hearsay.").

14

official's conduct did violate federal law when the official acted." *Vinyard*, 311

F.3d at 1351; *see also Pace v. Capobianco*, 283 F.3d 1275, 1282–84 (11th Cir.

2002) ("[T]he preexisting law must give real notice of practical value to

governmental officials, considering the specific circumstances confronting them,

and not just talk of some generalized, abstract intellectual concept.").

Accordingly, the district court properly granted summary judgment as to

Watkins's First Amendment claims.[9]  Because this was the only claim against

Wishnoff, the grant of summary judgment in her favor is affirmed.

### E. Equal Protection and Due Process Claims Against Finch

Finally, we turn to Watkins's Fourteenth Amendment claims against Finch.

On appeal, Watkins makes only a passing reference to his equal-protection claim

against Finch, so he has abandoned any argument as to that issue.  *See Sapuppo*,

739 F.3d at 681–82.

As to his due-process claim, even if the failure to provide Watkins with

procedures to challenge his ban violated due process, the record shows Finch was

---

[9] Watkins also argues the magistrate judge and district court erroneously failed to consider his response to Finch's motion for summary judgment and the exhibits attached thereto, and he asserts that the district court did not consider his objections to the R&R.  As to the exhibits, the district court struck Watkins's initial response to which he attached the subject exhibits—exhibits he did not refile with his actual response—and there is no indication in the record that the magistrate judge failed to properly consider the subsequent, operative response. As to Watkins's objections to the R&R, Watkins has not pointed to anything specific in his objections that the district court failed to consider, and the district court's order explicitly stated that it had accepted Watkins's untimely objections to the R&R and reviewed the entire record *de novo*.

not responsible for the lack of procedures.  Specifically, Finch was charged with enforcing the park's rules but not empowered to promulgate additional procedures or to alter either the park's rules or the city's ordinances, so he did not cause any procedural due-process violation.  Therefore, Finch was entitled to summary judgment on these claims.

## III.  CONCLUSION

For the reasons discussed above, we affirm the order setting aside an entry of default against Manchola, the dismissal of the claims against Manchola,  the denial of Watkins's motion to set aside the dismissal of the claims against Manchola, and the grant of summary judgment in favor of Finch and Wishnoff.

**AFFIRMED.**

16